FREDERICK SAUM, PLAINTIFF-APPELLEE, v. WALTER PROUDFIT DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided February 4, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Hammer & Hammer* (*Henry Hammer*, of counsel).

For the appellee, *Sylvester S. Goldberg* (*Oscar R. Wilensky*, of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is an action in tort. Defendant appeals from a judgment based upon a jury verdict of $350 in favor of plaintiff. The state of demand originally consisting of six counts was, on motion of counsel for plaintiff, reduced to

five counts. As so reduced, it purports to set up three causes of action. They are malicious prosecution, libel and malicious abuse of process. These alleged wrongs arose out of a complaint which defendant made to the New Jersey Real Estate Commission (hereinafter called the Commission) concerning plaintiff's allegedly improper refusal to return to defendant a down payment of $10 made to plaintiff.

On August 14th, 1937, plaintiff, a duly licensed real estate broker, negotiated with defendant for a sale of a parcel of property for his principal. Defendant made a down payment of $10. In the written receipt for this payment it is provided, among other things, that the "deposit [is] accepted subject to satisfactory conditions being arranged for a F. H. A. [Federal Housing Authority] loan and mortgage." Although the receipt is silent as to the return of this deposit, testimony was adduced, without objection, that plaintiff agreed to return it to defendant in the event plaintiff was unable to procure the loan from the F. H. A. Unable to obtain such a loan, the plaintiff so advised defendant who, thereupon, demanded the return of his deposit. Plaintiff agreed to return it but suggested to defendant that he be permitted to hold same pending his efforts to obtain a loan from a building and loan association of Newark, New Jersey. Defendant agreed and advanced the necessary appraisement fee of $15 to accompany the application. The building and loan association approved the loan. It appears that defendant was pressed for time within which he was obliged to move from the apartment he then occupied. He so advised plaintiff. Defendant claims that he was not informed of the granting of the loan until after the loan was of no avail, until after he had advised plaintiff that he could wait no longer, and not until after he had told plaintiff that the deal was off. This plaintiff denied. At all events, defendant again demanded the return of the $10 down payment. Plaintiff admits that he told defendant to come to his office and that he would return the money to him. Defendant did as he was told. But by the time he got to the office, plaintiff suffered a change of heart and refused to return the down payment to defendant. Plaintiff's explanation for his change of heart was that he

paid $2.50 for photographs which he was obliged to submit with the application to the F. H. A., and that he paid over the remaining $7.50 to his principal for her trouble, and because defendant "refused to go through with the deal." An argument followed. According to plaintiff, defendant, among other things, said, "I will fix you. I will make plenty of trouble for you before I get finished with you. I have handled guys like you before." And plaintiff, according to the defendant, among other things, said, "I am sorry I did not do you for a hundred."

Thereafter defendant complained to the Commission. Its examiner conferred with the parties. He advised defendant that he should not go through with the complaint. But the written complaint had already been sent to the Commission. Although defendant steadfastly adhered to his claim that all he wanted was the return of his $10, the duly verified complaint which he filed with the Commission charged that plaintiff was guilty of withholding moneys rightfully belonging to defendant contrary to section 13, chapter 141, *Pamph. L.* 1921 (*R. S.* 45:15-17), especially subdivision (d) "failure to account for or pay over moneys belonging to others coming into the hands of the licensee;" and subdivision (e) "any conduct which demonstrated *unworthiness, incompetency, bad faith or dishonesty."* (Italics supplied.)

The cause was set down for hearing by the Commission. All parties appeared. The cause (although scheduled for ten-thirty A. M.) was not reached by noon of the day set when defendant left because he says that he was obliged to serve a milk route and could get no one to take his place. Thereafter the complaint was dismissed because of the "non-appearance" of defendant-complainant. Hence this suit and resultant judgment which defendant challenges.

In order more clearly to understand the basis of defendant's challenge of the resultant judgment in favor of plaintiff, we mark the fact that this cause was tried and submitted by the trial judge to the jury for its consideration and determination upon the theory that this was a suit solely for malicious prosecution in which plaintiff sought to recover the damages which he allegedly suffered as the result of the civil proceed-

ing which defendant had instituted against him before the Commission, wrongfully, and without reasonable and probable cause. The theory of the suit, so adopted and pursued, is binding upon the parties here. *Lastowski* v. *Lawnicki,* 115 *N. J. L.* 230 (cases collated at *p.* 234) ; 179 *Atl. Rep.* 266; *Adams* v. *Atlantic City Electric Co.,* 120 *N. J. L.* 357, 369; 199 *Atl. Rep.* 27; *Elblum Holding Corp.* v. *Mintz,* 120 *N. J. L.* 604, 606, 607; 1 *A ll. Rep.* (*2d*) 204.

With this understanding, we mark the further fact that neither the count charging malicious prosecution nor the proceeding before the Commission disclosed that plaintiff had been arrested (he appeared before the Commission pursuant to a notice sent by registered mail (*R. S.* 45:15-18)), or that plaintiff or his goods or other property had been attached or that plaintiff suffered some special grievance different from and superadded to the ordinary expense of a defense. Because of these undisputed circumstances, the count for malicious prosecution for the wrongful initiation of the civil proceeding before the Commission did not lie. The only penalty defendant here and complainant before the Commission incurred in the premises was an adverse bill of costs. *Potts* v. *Imlay* 4 *N. J. L.* (star pages 331 and 334 regularly numbered pages 382 and 386) ; *Bilz* v. *Meyer,* 40 *Id.* 252, 254; *Hammill* v. *Mack International Motor Truck Corp.,* 104 *Id.* 551, 553; 141 *Atl. Rep.* 775. It was, therefore, reversible error for the trial judge to deny defendant's motion to nonsuit and to direct a verdict in his favor.

Conceding that the trial judge erred in denying defendant's motion to nonsuit and to direct a verdict in his favor on the counts of libel and abuse of process, in refusing to charge, as requested, that truth is a complete defense to libel, in submitting the cause to the jury upon the sole count of malicious prosecution, these errors were harmless. If harmful, they were harmful to plaintiff rather than to defendant. For, obviously, the result was merely to limit the base upon which the jury could assess damages for the plaintiff.

There is no merit to the other points argued.

Accordingly, the judgment is reversed, with costs.