# PROVIDENCE.

## MAXIME LAUZON *vs.* NAZAIRE CHARROUX.

An action for a malicious prosecution lies against the plaintiff in a civil suit for the malicious use of legal process by procuring the arrest and imprisonment of the defendant without probable cause, although there was good cause for instituting the suit in which the arrest was made.

In an action for malicious prosecution, the declaration alleged that the defendant maliciously procured a writ of arrest against the plaintiff in an action of debt, by making a false and fraudulent affidavit without having any probable cause therefor that the plaintiff was about to leave the state without leaving therein real or personal estate whereon an execution that might be obtained in said action could be served; that the plaintiff was arrested on such writ and committed to jail for want of bail; and that subsequently the court to which the writ was returnable, on the motion of the plaintiff, discharged him from the arrest.

*Held*, on demurrer, that the declaration showed the proceeding of arrest to have been instituted maliciously, and without probable cause, and to have terminated in the plaintiff's favor, and, hence, set forth a good cause of action.

Distinction stated between an action for the malicious use of process and an action for the malicious abuse of process.

TRESPASS ON THE CASE for malicious prosecution. Certified from the Common Pleas Division on demurrer to the declaration.

*February* 2, 1894. TILLINGHAST, J. This is an action of the case for malicious prosecution. The declaration, omitting the formal part, is as follows, viz.:

"For that the defendant, at said Woonsocket, on, to wit, the 24th day of March, A. D. 1893, maliciously intending to

oppress and unjustly to imprison the plaintiff, prosecuted out of the clerk's office of the district court of the twelfth judicial district, a writ of arrest against the plaintiff, in due form of law, in an action of debt on judgment, wherein the said defendant was named as plaintiff, and containing appended thereto a sworn affidavit of the defendant, Nazaire Charroux, wherein he declared, first, that he, the aforesaid Nazaire Charroux, had a just claim against the plaintiff, Maxime Lauzon, upon which he, said Nazaire Charroux, expected to recover in the action commenced by said writ, a sum sufficient to give jurisdiction to the court to which said writ was returnable; and wherein, secondly, he declared, falsely and fraudulently, maliciously intending to oppress and unjustly to imprison the plaintiff, that the plaintiff was about to leave the state, without leaving therein real or personal estate whereon an execution that might be obtained in said action could be served. That the aforesaid writ of arrest was directed to the sheriff of the county of Providence, his deputies, or to either of the town sergeants or constables in the county of Providence, commanding them to arrest the body of the plaintiff, and him in safe custody keep to answer the complaint of the aforesaid Nazaire Charroux, at a district court of the twelfth judicial district, to be holden in the Hope Building, in Woonsocket, in said county, on the 5th day of April, A. D. 1893, at nine o'clock in the forenoon. That, to wit, on the 27th day of March, A. D. 1893, by force of the aforesaid writ, and of the false and fraudulent affidavit of the defendant, the defendant caused the plaintiff to be arrested, and for want of sufficient bail to the said writ, which the plaintiff could not obtain, to be committed to the jail in the county of Providence, where the plaintiff was detained for a long space of time, to wit, for the space of seventeen days, and that thereafterwards, to wit, on the 24th day of May, A. D. 1893, at a district court of the twelfth judicial district, aforesaid, to which the said writ was returnable, and wherein the said writ and action of the said Nazaire Charroux against the plaintiff was duly entered, it was adjudged and considered by the justice of the said court, upon

the motion of the plaintiff to that end made, that the plaintiff was not about to leave the state, either at the time of the making of the said affidavit, or at the time of the said service of the aforesaid writ, and that the plaintiff was legally entitled to be discharged from said arrest; but that he had been previously discharged therefrom, on taking the poor debtor's oath, according to the statute in such case made and provided. And that thereafterwards, to wit, on the 24th day of May, A. D. 1893, judgment was duly rendered and entered in said suit, in favor of said Nazaire Charroux, the plaintiff therein, for the amount claimed, with costs, and that execution issue thereon, against the goods, chattels and real estate only, of said Maxime Lauzon, the defendant therein, and that said action and all proceedings therein were thereby fully and completely ended and terminated.

"And the plaintiff in fact says, that the defendant, the said Nazaire Charroux, in prosecuting the said writ against the plaintiff, the said Maxime Lauzon, maliciously caused the plaintiff to be imprisoned by means of the false and fraudulent affidavit of the defendant, aforesaid, without having any lawful or probable cause for making said affidavit, and thereby causing said imprisonment; but that the defendant was wholly guided in the premises by wanton malice and by a desire to oppress, injure and defraud the plaintiff; and the plaintiff further says, that by means of the imprisonment aforesaid, of him, the plaintiff procured through the aforesaid false and fraudulent affidavit of the defendant, and the malicious prosecution of said writ of arrest, he was deprived of his liberty; his business was greatly impeded; his reputation injured, and he was put to great expense, and suffered great vexation, grief and oppression."

To this declaration the defendant has demurred on the following grounds, viz., *first*, because it is not alleged that the action mentioned has terminated in favor of the plaintiff, Lauzon; *second*, because it is not alleged that said action was instituted maliciously; *third*, because it is not alleged that said action was begun or prosecuted by the defendant, without probable cause; and *fourth*, because it is not alleged that

the proceeding for the arrest therein alleged to have been malicious, has terminated in favor of the plaintiff, Lauzon.

The general and familiar rule of law is that, in order to entitle the plaintiff to recover in an action for malicious prosecution, three things must concur, viz., 1, the motive of the party instituting or prosecuting the suit or proceeding, must have been malicious; 2, the suit or proceeding complained of must have been instituted without probable cause; and 3, the suit or proceeding must have terminated in the plaintiff's favor. Newell on Malicious Prosecution, 397; Cooley on Torts; 2d ed. 208; 14 Amer. & Eng. Encyc. Law, 42–3, and cases cited. It is manifestly necessary, therefore, that the declaration should contain allegations covering each of these points. The declaration before us shows that the defendant had a good and sufficient cause of action against the plaintiff; but that the manner in which it was instituted was fraudulent and malicious. In other words, the declaration sets forth that in so far as the bringing of the action proper was concerned, there was probable cause; but that as to the arrest of the defendant in that suit (the present plaintiff), it was without probable cause.

The first question which arises, therefore, is whether a fraudulent and malicious arrest of the defendant in an action which the plaintiff has a right to bring, and, therefore, has actual, which is more than probable, cause for instituting, is a ground for malicious prosecution.

The authorities recognize a distinction between an action for the malicious abuse of process, and the malicious use thereof. *Emery* v. *Ginnan*, 24 Ill. App. 65, 68. An abuse of legal process, is where one employs it for some unlawful object, not the purpose which it is intended to effect; in other words, a perversion of it. Thus, as stated by Sharswood, J., in *Mayer* v. *Walter*, 64 Pa. St. 286, "If a man is arrested, or his goods seized in order to extort money from him, even though it be to pay a just claim other than that in suit, or to compel him to give up possession of a deed or other thing of value, not the legal object of the process, it is settled that in an action for such malicious abuse, it is not necessary to

prove that the action in which the process issued, has been determined, or to aver that it was sued without reasonable or probable cause. *Grainger* v. *Hill*, 4 Bing. N. C. 212. It is evident that when such a wrong has been perpetrated, it is entirely immaterial whether the proceeding itself was baseless or otherwise. On the other hand," says the same authority, "legal process, civil or criminal, may be maliciously used so as to give rise to a cause of action where no object is contemplated to be gained by it other than its proper effect and execution. As every man has a legal power to prosecute his claims in a court of law and justice, no matter by what motives of malice he may be actuated in doing so, it is necessary in this class of cases to aver and prove that he has acted not only maliciously, but without reasonable or probable cause."

We think the declaration before us shows a case of the malicious use of legal process, by procuring the arrest and imprisonment of the plaintiff in the manner therein set forth, without probable cause. The arrest of the defendant in the former suit was procured solely by the making of an affidavit by the plaintiff therein, that the defendant was about to leave the state, without leaving therein real or personal estate whereon an execution, &c., could be served (see Pub. Stat. R. I. cap. 206, § 9, clause 3[1]), and this affidavit, it is alleged, was fraudulently and maliciously made. If this is so, the proceeding in so far as the arrest was concerned, was clearly a malicious proceeding, and the case is analogous to that of maliciously suing out a writ for a much larger sum than is due, and requiring bail to answer for such larger sum, or of maliciously suing out a writ of attachment for a much larger sum than is due, in each of which cases it has been held that an action for malicious prosecution will lie. *Savage* v. *Brewer*, 16 Pick. 453, 455–6; *Ray* v. *Law*, Pet. (C. C.) 207; *McNamee* v. *Minke*, 49 Md. 122; *Preston* v. *Cooper*, 1 Dill. 589; *Moody* v. *Deutsch*, 85 Mo. 237; *Turner* v. *Walker*, 3 Gill & John. 377.

---

[1] Printed in 14 R. I. p. 615.

In the case of *Goslin* v. *Wilcock*, 2 Wils. 302, which was an action for a malicious prosecution of a civil proceeding wherein the party was arrested, it was said by Lord Camden, C. J., that "There are no cases in the old books, of actions for suing where the plaintiff had no cause of action; but of late years, when a man is *maliciously* held to bail, where nothing is owing, or when he is *maliciously* arrested for a great deal more than is due, this action has been held to lie, because the costs in the cause are not sufficient satisfaction for imprisoning a man unjustly, and putting him to the difficulty of getting bail for a larger sum than is due."

In *Ray* v. *Law, supra,* Washington, J., said: "Demanding excessive bail, although the plaintiff has a well founded cause of action, or holding to bail, when the plaintiff has no cause of action; if done for the purpose of vexation, entitles the party aggrieved, to an action for malicious prosecution."

In *Everett* v. *Henderson,* 146 Mass. 93, the court says: "The remedy for causing an arrest by maliciously bringing a suit upon false charges, or maliciously making a false affidavit, is by an action on the case for a malicious prosecution." See also *Legallee* v. *Blaisdell,* 134 Mass. 473; Stephens on Malicious Prosecution, 20–21, and cases cited; *Donnell* v. *Jones,* 13 Ala. 490, 501; *Davis* v. *Clough,* 8 N. H. 157; 2 Chitty on Pleading, (16th Amer. ed.) 552; Newell on Malicious Prosecution, 52–3, and cases cited; *Sloan* v. *McCracken,* 7 Lea, 626.

In answer to the defendant's grounds of demurrer, then, we reply specifically, *first,* that as to the first and fourth grounds, which may be considered together, while the declaration does not allege that the original action proper has terminated in favor of the plaintiff in the present suit; yet it does show that the proceeding of arrest complained of in said original action, has finally terminated in his favor; *second,* that while said declaration does not allege that said original action was instituted maliciously; yet it does allege that the arrest of the defendant in said action, was maliciously instituted; and *third,* that while said declaration shows that there was probable cause for instituting the action in which

said arrest was made; yet it also shows that the proceeding of arrest in connection therewith was instituted without probable cause. And such being the allegations, we are of the opinion that a good cause of action is set forth. Nor do we think the declaration is demurrable because it alleges, although unnecessarily, that the defendant in said original action was discharged from the imprisonment complained of by reason of his taking the poor debtor's oath at the jail prior to his being discharged by the court to which said writ was returnable under the provisions of Pub. Stat. R. I. cap. 206, § 9.[1] For, in order to obtain a discharge that would operate upon the particular proceeding in question, it was necessary under said statute, to resort to the court from which the writ is issued.

*Demurrer overruled.*

*Elisha C. Mowry & Livingston Scott*, for plaintiff.
*Edwin Aldrich & George W. Greene*, for defendant.