DORR E. TAYLOR *vs.* GEORGE N. BLISS.

PROVIDENCE—FEBRUARY 19, 1904.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Poor Debtor's Oath. · Malicious Injury to Person.*

Gen. Laws cap. 260, § 1, provides that "any person who shall be imprisoned for debt . . . may request to be admitted to take the poor debtor's oath."

Section 10 provides that "no person who shall be committed on execution in any action for any malicious injury to the person, health, or reputation of the plaintiff in such suit . . . shall be . . . admitted to take the oath as aforesaid."

A defendant committed under execution in an action of trespass on the case for the wrongful and malicious alienation of the affection of the wife of plaintiff applied to a justice of a District Court to be admitted to take the poor debtor's oath:—

*Held,* that the word "person" was used in the broad sense of the term, and was not limited to injury of a physical character.

*Held,* further, that alienation of the affections of a wife was a malicious injury to the person of a plaintiff within section 10, so as to exclude an execution defendant from the privilege of the oath under section one.

(2)  *Writ of Prohibition.*

*Held,* further, that, as the justice of a District Court had no jurisdiction to pass upon such an application, a writ of prohibition would lie.

STINESS, C. J.   On July 6, 1903, Frank E. Smith was committed to the Providence County Jail, on an execution in favor of the petitioner, in an action of trespass on the case for the wrongful and malicious alienation of the affection of the petitioner's wife.

On July 14, 1903, a citation was issued by this respondent on Smith's application to take the poor debtor's oath.   The petitioner then filed this petition for a writ of prohibition against further proceeding under the citation.

Gen. Laws cap. 260, § 1, allows a citation to any person imprisoned for *debt.*   In a general sense a judgment is a debt, but section 10 limits the scope of the term of debt by providing that no person who shall be committed on execution "in any action of trover or detinue, or for any malicious injury to the person, health, or reputation of the plaintiff in such suit," shall be deemed to be within the meaning of section 1.

The respondent claims that the writ will not lie, because he has jurisdiction, and that the granting or withholding relief on the citation is a matter of judicial discretion.

The office of a writ of prohibition is to restrain excess or improper assumption of jurisdiction.   23 Am. & Eng. Ency. Law, 195.

If the execution is within the terms of section 10, the respondent had no jurisdiction to issue the citation; for the

execution defendant would not be entitled to take the oath, nor would he be entitled to apply for a citation.

A writ of prohibition is therefore proper, if the case is within section 10.

There is no appeal from the decision to grant the poor debtor's oath, and no other way to restrain action. Objection at the hearing would be of no avail, if the justice should proceed to administer the oath.

(1)   The real question is, therefore, whether the case is within section 10, as a case for injury to the person, health, or reputation of the plaintiff.

We think that an action for alienation of the affection of a wife is clearly one for an injury to the person of the husband. The gist of the action is depriving him of companionship and a wounding of his feelings.   As said in *McDonald* v. *Brown*, 23 R. I. 546, by Tillinghast, J.: "Wounded feelings, mental anguish, loss of social position and standing, personal mortification and dishonor, are clearly injuries that pertain to the person."

All of these things are usually attendant upon a case of alienation of affection.   The nature of the charge is one that implies malice.   We can hardly conceive of a case where it would be otherwise.

A man would not be found guilty where the result was brought about unwittingly or without effort or inducement on his part.

The bar to the oath under section 1 is for malicious injury to the person, health, or reputation of a plaintiff.

Whether health was affected would be a question of fact; but that alienation of affection imports both injury to person and to reputation seems to be obvious.   *In re Kimball*, 20 R. I. 688, relied on by the respondent, simply decided that an execution defendant for negligence was not within the terms of the statute relating to malicious injury to person, health, or reputation.

The other cases cited by respondent, as to the meaning of the word "person," are quite different from the case at bar.

*Calloway* v. *Laydon*, 47 Iowa, 456, was an action by a wife

to recover for injuries, in means of support and in health, by the sale of liquor to her husband. The statutes of Iowa, tit. XI, cap. 6, § 1557, gave right of action to a wife, "injured in person or property or means of support." against the person making the sale.

The court held that threatening language and vulgar conduct by the husband to the wife was not an injury in person, within the meaning of the statute, upon the ground that the statute was not intended to give a right of action to every one to whom a threatening or vulgar remark should be addressed by an intoxicated person. Hence it construed "in person" to mean "in body."

A similar construction was given in *Smith* v. *Sherman*, 4 Cush. 408, which was a question whether an action for breach of promise of marriage survived, under a statute providing for survival of an action of trespass on the case for damage to the person. Shaw, C. J., said: "This manifestly extends only to damage of a physical character, as by negligence of carriers, towns, or the like. If the term 'person' were used in a broader sense, it would extend to slander and every other possible case of tort, which could not be contended."

Two things are to be noted in respect to this decision. The statute had not the word "malicious" with reference to injury, thus excluding negligence, as held in *Re Kimball, supra;* and it was confined to "person," thus excluding slander.

Our statute expressly includes slander and libel, by adding the words "health or reputation;" and the addition of these words, together with the word "malicious," indicate that injury to the person is used in the broad sense of the term.

In *McCarthy* v. *Guild*, 12 Met. 292, a statute gave an action to a person injured by a dog. The court held that it meant injured in person or property, and allowed a parent to recover for loss of service of a minor child. This doubtless would be covered by the word property, but the court added that a narrower construction would deprive a husband of recovery for the loss of the society of his wife.

*State* v. *Clayborne* (Wash.), 45 Pac. Rep. 303, was a criminal proceeding for an assault with a deadly weapon, with intent to

inflict "personal" injury, instead of "bodily," the word in the statute. Obviously the court held that they were words of the same meaning, as used.

As our statute excludes from the poor debtor's oath an execution defendant who may have been guilty of a trivial slander, we can not think that it intended, by use of the general term "malicious injury to the person," to allow one found guilty of the more serious wrong of alienating the affections of a wife to have the benefit of the oath.

The respondent claims that the statute should be liberally construed, citing *Thompson* v. *Berry*, 5 R. I. 95, where the question was whether a plaintiff in an action of trespass and ejectment, against whom judgment was rendered for costs, was entitled to the poor debtor's oath, as for a *debt*. Brayton, J., said: "The statute ought to receive a liberal interpretation to carry out its purposes, and the term *debt* should receive as liberal an interpretation as it will reasonably bear." It was held that a judgment for costs was a debt.

But with reference to the section involved in this case, formerly Rev. Stat. cap. 198, § 16, it was held in *Re Payton*, 7 R. I. 153, that the section was enacted to put at rest a notion that, after judgment for damages, the cause of action was merged in the judgment and became a debt. Ames, C. J., added: "It was designed to limit the operation of the first section by amending it" (the section relating to the poor debtor's oath) "and we can not permit it to widen the operation of that section in a matter to which it does not apply." Hence it was held that a defendant confined on *mesne process* in an action of deceit was not entitled to the oath.

The section in question was first adopted in January, 1827. Judge Brayton said of it, in *Thompson* v. *Berry:* "This, it will be seen, is not an enabling act, extending the relief to other persons than those before included in the act, but a restraining act, excluding persons to whom the relief might before have been granted."

(2)    We are not aware that it has ever been held to include a case like the one before us, and in our opinion the terms of the act exclude it. Consequently the respondent had no jurisdiction

to consider or pass upon the application for the poor debtor's oath.

The demurrer to the petition is overruled.

*H. A. McKenney,* for petitioner.

*F. P. Owen and Willis B. Richardson,* for defendant.