G. FRANK HAMMILL, APPELLANT, v. MACK INTERNATIONAL MOTOR TRUCK CORPORATION, JOHN N. BAYNE, MONCURE C. CARPENDER AND HARRY BERLOWE, RESPONDENTS.

CHARLES MORIARTY, APPELLANT, v. MACK INTERNATIONAL MOTOR TRUCK CORPORATION, JOHN N. BAYNE, MONCURE C. CARPENDER AND HARRY BERLOWE, RESPONDENTS.

Submitted February 17, 1928—Decided May 14, 1928.

For the appellants, *Samuel G. Meisterman.*

For the respondents, *Walter C. Sedam.*

The opinion of the court was delivered by

PARKER, J. The appeal is from a judgment of nonsuit in an action for malicious prosecution. The plaintiff controlled a corporation named Hammill & Moriarty, Incorporated, which was in the trucking business, and had purchased certain motor trucks from defendant corporation by contract of conditional sale, which provided, among other things, that the property should not be removed out of this state without the previous written consent of the vendors. This, of course, was purely contractual. There are statutory provisions concerning removal from the "filing district" (*Pamph. L.* 1919, *p.* 465, § 13; *p.* 466, § 15), which, like the contract stipulation, bear indirectly on the case, but need not be quoted, as they were not invoked by defendants in making the criminal complaint underlying this suit. Suffice it to say that they are quite different from those in the Chattel Mortgage act, which was invoked.

The plaintiffs' corporation had a trucking contract on Long Island, and wished to use the trucks in performing that contract. There was evidence that defendants were apprised of that contract at the time the trucks were purchased, as well as of the fact that plaintiffs intended to use the trucks on such contract, and made no objection. There was evidence, also, that the trucks were repaired from time to time at service stations of defendant corporation· in New York state, and even that the Newark office gave plaintiffs a credit memorandum for that purpose. Hence, a jury would have been entitled to find that the trucks were out of the state with the full knowledge and consent of the defendants.

The motive of defendants in making a criminal complaint is not very clear, but there is ground for surmise, if not inference, that plaintiffs were slow in making the installment payments, and defendants proposed to retake the trucks and for the nonce could not find them. At all events, they resorted to an utterly unwarranted procedure, namely, a complaint under the Chattel Mortgage act (*Comp. Stat., p.* 1805, § 205); that plaintiffs had removed the trucks from the state and county without the consent of the mortgagees. There was no chattel mortgage. Warrants were issued, but

plaintiffs were not actually taken into custody before the hearing; they heard of the proceeding, and after several days' delay voluntarily appeared before the magistrate with their counsel, there was a hearing, and, in conclusion, according to the testimony, defendant Carpender stated to the magistrate, in effect, that a mistake had been made, and he wished to withdraw the complaint; it was accordingly withdrawn, and plaintiffs were discharged.

On this state of facts the trial judge nonsuited, holding that there was no evidence of want of probable cause, and that he was in doubt whether there had been an arrest.

We think the nonsuit was erroneous. As to an arrest, it may be assumed for present purposes that there was none, although plaintiffs went prepared to give bail, as they testified, and were in court before the magistrate. But in malicious prosecution cases, arrest is not an essential feature of the injury itself, if the prosecution be of a criminal nature. Such we consider to be the better rule. 18 *R. C. L.* 19, 20; 38 *C. J.* 390. In cases where the prosecution was of a civil nature, the rule was otherwise. *N. J. Dig.* "*Malicious Prosecution*," § 4; *Bitz* v. *Meyer,* 40 *N. J. L.* 252. In *Apgar* v. *Woolston,* 43 *Id.* 57, the point is not mentioned. In 2 *Chit. Pl.* 610, *note,* it is intimated that arrest should be stated as an element of damage, if the fact, though it would suffice to sustain the action that plaintiff had been injured in reputation and put to expense.

2. There was evidence of lack of probable cause. In fact, technically, there was no cause at all for a complaint of removing property subject to chattel mortgage. Moreover, there was evidence that defendants had consented to the removal; orally, it is true, but section 205 of the Crimes act does not require written consent. If plaintiffs' evidence was true, the complaint was inferably false.

3. We need not stop to discuss the well-settled rule that malice may be inferred from want of probable cause. It is sufficient to cite *McFadden* v. *Lane,* 71 *N. J. L.* 624, a decision of this court.

4. The withdrawal of the complaint was a sufficient termination of the proceeding. 38 *C. J.* 442; 18 *R. C. L.* 23;

*Rider* v. *Kite,* 61 *N. J. L.* 8; *Lowe* v. *Wartman,* 47 *Id.* 413; *Dalton* v. *Godfrey,* 97 *Id.* 455, 457, 458.

As a *prima facie* case for the jury had been made out, it was error to nonsuit, and the judgments in each case must be reversed to the end that venire *de novo* issue. As there must be a new trial, and a corporate defendant is impleaded, attention is called to the case of *Wendelken* v. *New York, Susquehanna and Western Railroad,* 88 *N. J. L.* 270.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 16.