**BACH et al. v. QUIGAN (TRAUBNER Third Party Defendant).**

No. 5326.

District Court, E. D. New York.

Nov. 1, 1945.

Philip Steinman, of New York City, for plaintiffs.

Weisman, Celler, Quinn, Allan & Spett, of New York City (Milton C. Weisman, Arthur Sheinberg, and Herbert J. Fabri-

cant, all of New York City, of counsel), for defendant Frank J. Quigan.

MOSCOWITZ, District Judge.

Plaintiffs move to strike out the first and second counterclaims from defendants' answer on the ground that they "fail to state a cause of action" against plaintiffs. As to the second counterclaim, the plaintiffs seek the alternative relief of an order requiring that it be made more definite and certain.

█ For the purposes of a motion to strike, no more is required of a counterclaim than of a complaint, and it is established in this circuit that under the Federal Rules of Civil Procedure, rule 12 (b) (6), 28 U.S.C.A. following section 723c, a pleading is sufficient which states "a claim upon which relief can be granted"; there is no requirement that a cause of action shall be set forth. Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774. The counterclaims must be examined to determine if there are set forth therein facts which constitute a claim even under this liberal interpretation of pleading.

The action is brought under authority of Section 9, subsection (e) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78i (e), for an alleged violation of subdivision (a) (4) of the same section. The pertinent parts of these provisions read:

"(e) Any person who willfully participates in any act or transaction in violation of subsection (a), (b), or (c) of this section shall be liable to any person who shall purchase or sell any security at a price which was affected by such act or transaction, and the person so injured may sue in law or in equity in any court of competent jurisdiction to recover the damages sustained as a result of any such act or transaction. * * * Every person who becomes liable to make any payment under this subsection may recover contribution as in cases of contract from any person who, if joined in the original suit, would have been liable to make the same payment."

"(a) It shall be unlawful for any person, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce, or of any facility of any national securities exchange, or for any member of a national securities exchange—* * *

"(4) If a dealer or broker, or other person selling or offering for sale or purchasing or offering to purchase the security to make, regarding any security registered on a national securities exchange, for the purpose of inducing the purchase or sale of such security, any statement which was at the time and in the light of the circumstances under which it was made, false or misleading with respect to any material fact, and which he knew or had reasonable ground to believe was so false or misleading."

█ Plaintiffs seek to recover from defendant Quigan the amount of losses sustained by them through dealing in stock of National Can Corporation allegedly as the result of false statements knowingly made by defendant Quigan concerning an imminent merger of the corporation and market operations which would follow. Plaintiffs claim that the statements were made to one Milton Traubner, a customer's man in the employ of Hirsch Lilienthal & Co. and repeated by Traubner to them. The answer of Quigan is in essence a general denial of the allegations of the complaint and contains in addition two statements of fact denoted as counterclaims, which are also asserted as causes of action or claims against Traubner, who has been brought into the action by Quigan as a third party defendant.

The first counterclaim alleges as the true facts that Quigan has never had any direct contact with plaintiffs; that Traubner had attempted to coerce and intimidate Quigan into placing orders with Traubner's firm and that, failing in such attempts, had threatened falsely to state to plaintiffs the matter of which plaintiffs now complain; that Quigan had never made or sanctioned any such statement and that this suit is being brought solely by reason of Traubner's false statement to plaintiffs. While it would appear to this Court that the first counterclaim goes no further than this and might be sustained as a proper cross-complaint against the third party defendant brought in, defendant Quigan's own statement of its purport, as contained in his brief, will be accepted upon this motion. The second counterclaim alleges the same facts as part of a conspiracy and scheme by and between plaintiffs and Traubner whereby plaintiffs are said to be attempting to recover losses they have sustained from imprudent

speculation. Defendant Quigan maintains that each of his counterclaims "sounds in conspiracy and malicious abuse of process * * * each of which in substance alleges that the institution of the present action was an overt act in support of a conspiracy by and between each and every plaintiff and the third party defendant Milton Traubner, whereby it was sought to pressure and badger the defendant Quigan into a settlement" and that defendant Quigan, as the result of the institution of this action, has been forced to retain counsel, auditors and market analysts in order to defend himself from this attack which must terminate in his, Quigan's favor (pages 4 and 9 of memorandum). Defendant Quigan prays for judgment against plaintiffs and Traubner for these out-of-pocket expenditures, which is broader than the relief which the Securities Exchange Act (supra) authorizes the court to grant to the victorious party. The third party defendant Traubner has not appeared on this motion.

This Court is in complete accord with the statement of defendant that the new Rules of Civil Procedure have displaced any "archaic, obsolete and confining rules" which may previously have governed federal procedure and that they are designed for the swift and just disposition of legal disputes. However, it was never contemplated that any set of facts which might eventually constitute a "claim upon which relief can be granted" should be interposed as a counterclaim to an action and it would not be an aid to the swift and just disposition of the matter to permit the issues to be confused by an uncertain claim, the substance of which is contingent upon the outcome of the principal action.

Even if the facts be as set forth in the counterclaims, it is doubtful whether the alleged wrongful motive in instituting the action against defendant Quigan gives rise to a claim for malicious abuse of process (see Rubinstein v. Rubinstein, Sup., 35 N.Y.S.2d 926; Mormon v. Baran, Sup., 35 N.Y.S.2d 906; 1 Words and Phrases, Perm.Ed., pp. 187–189), but assuming that it might, such a claim does not mature and no relief can be granted upon it until the merits of the principal action have been determined. Every person has the right to bring an action in good faith.

The counterclaims are premature and are stricken, with leave to file an amended answer within ten days from the service of an order herein. This disposition renders moot the alternative relief requested.

Settle order on notice.