## UNION NAT. BANK OF YOUNGSTOWN, OHIO v. UNIVERSAL–CYCLOPS STEEL CORP.

### Civ. No. 5813.

United States District Court
W. D. Pennsylvania.

March 28, 1952.

Whittemore, Hulbert & Belknap, Detroit, Mich., Griggs, Moreland, Blair & Douglass, Pittsburgh, Pa., for plaintiff.

William B. Wharton, William B. Jaspert, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff brought this action seeking an injunction against infringement of Letters Patent Nos. 1744016 and 1779195, for an accounting of profits, and for damages resulting from the infringement. Subsequent to the filing of defendant's answer, plaintiff moved to continue this case until the disposition of a case pending before the District Court of the United States for the Northern District of Ohio involving the validity and infringement of the same patents involved in the case at bar. In addition, defendant filed a motion for leave to file an amended answer and counterclaim. Both motions are before us for disposition.

720

## I.

 At the time of the argument, defendant objected to plaintiff's motion for continuance. However, defendant later filed a motion to dismiss this action or in the alternative to stay these proceedings pending the disposition of a declaratory judgment proceeding filed in this Court at Civil No. 10179, on December 24, 1951, by the defendant herein seeking a declaration of non-infringement and invalidity of the same two patents involved in the present proceeding. Since it now appears that both parties want this case continued although perhaps for different lengths of time, we will continue it until September, 1952. If, at that time, the parties still desire a continuance, they may make a further application to this Court. However, we are not now disposed to continue this case pending the disposition of the two cases referred to heretofore as requested since a decision in neither of those cases would be controlling here.

## II.

Plaintiff does not object to defendant's filing of an amendment to its answer. Therefore, leave to amend the answer will be granted.

## III.

 Plaintiff does object to the filing of the counterclaim. Defendant's motion in this regard is addressed to the discretion of the Court under Rule 13(e) of the Federal Rules of Civil Procedure, 28 U.S.C. since the counterclaim was omitted in the original answer. See Michigan Tool Co. v. Drummond, D.C.D.C.1940, 33 F.Supp. 540. The same considerations would be before us if we treated the motion as made under Rule 15 as part of the motion for leave to amend the answer since more than 20 days had elapsed between the date of the filing of the original answer and the date of defendant's motion. Hirshhorn v. Mine Safety Appliances Company, D.C.W.D.Pa.1951, 101 F.Supp. 549.

With respect to the first paragraph of defendant's proposed counterclaim, plaintiff objects merely that it constitutes a matter of defense and is not properly a part of a counterclaim. We are inclined to agree with plaintiff in this regard. However, we will allow it as pleaded since its designation should not be determinative.

 In the second paragraph of the proposed counterclaim, defendant avers that the plaintiff has unjustly and unfairly brought this suit and further that the suit was not brought in good faith. Pleading of such a claim at this stage of the proceedings is premature and unauthorized by the Federal Rules of Civil Procedure. See 1 Barron and Holtzoff, Federal Practice and Procedure (Rules Ed.) § 393, page 791. Since this proposed claim is dependent upon plaintiff's failure to prevail in this case, it has not as yet matured. Pleading a claim for damages arising from the wrongful bringing of an action before the final determination of that action is premature and unauthorized by the Federal Rules of Civil Procedure. Goodyear Tire & Rubber Co. v. Marbon Corporation, D.C.Del.1940, 32 F.Supp. 279. See also, Cyclotherm Corporation v. Miller, D.C.W.D.Pa.1950, 11 F.R.D. 88 and Bach v. Quigan, D.C.E.D. N.Y.1945, 5 F.R.D. 34.

Defendant's motion will be denied with respect to the second paragraph of the counterclaim, but will be granted in the other respects.