27 N.J. Super. 404 (1953)
99 A.2d 548
ABRAHAM CABAKOV, PLAINTIFF-APPELLANT,
v.
CATHERINE R. THATCHER AND JOHN THATCHER, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1953.
Decided October 1, 1953.
*405 Before Judges EASTWOOD, JAYNE and FRANCIS.
*406 Mr. Michael G. Alenick argued the cause for the plaintiff-appellant (Messrs. Sandles & Sandles, attorneys).
Mr. Peter Friedman argued the cause for the defendants-respondents (Messrs. Mackerley & Friedman, attorneys; Mr. William J. McGovern, on the brief).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
Plaintiff appeals from the order of the Law Division, Warren County, dismissing his action "because the complaint fails to state a claim against defendants upon which relief can be granted."
The first count of the complaint alleges a course of conduct and acts of malicious prosecution as overt acts of a conspiracy by the defendants to unlawfully acquire lands belonging to plaintiff, as well as to deprive him of his liberty and otherwise injure him. In the second and third counts plaintiff incorporated by reference the allegations of the first count and specified certain acts of malicious prosecution.
The plaintiff contends that the complaint sufficiently states a claim upon which relief may be granted either in conspiracy or malicious prosecution; that the gravamen of the complaint is malicious prosecution and the overt acts forming a part thereof are not barred by the statute of limitations, and that the trial court erred in declining to allow plaintiff to amend his complaint. The defendants advance contrary arguments.
It is important to note the difference between civil and criminal conspiracy. In criminal conspiracy "the agreement or conspiracy was the gravamen of the offense * * * in civil actions, the conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which the plaintiff complains." Van Horn v. Van Horn, 52 N.J.L. 284, 286 (Sup. Ct. 1890), affirmed 53 N.J.L. 514 (Sup. Ct. 1891). "The essence of the (civil) action, it seems, is not the conspiracy, but the damages done to the plaintiff * * *." Louis Kamm, Inc., v. Flink, 113 N.J.L. 582, 592 (E. & A. 1934). Cf. 11 Am. *407 Jur., Conspiracy, sec. 53, p. 584; 15 C.J.S., Conspiracy, sec. 16, p. 1027. As stated by Judge Francis in Mayflower Industries v. Thor Corp., 15 N.J. Super. 139, 151 (Ch. Div. 1951), affirmed by Supreme Court on Judge Francis' opinion, 9 N.J. 605 (1952):
"In Potts v. Imlay, 4 N.J.L. 382 (Sup. Ct. 1816), it was declared that an action for malicious prosecution could not be maintained for prosecuting a civil suit unless the defendant in that suit was `arrested without cause and deprived of his liberty or made to suffer other special grievance different from and superadded to the ordinary expense of a defense.' This rule has never been changed or criticized and it still represents the law of this State. Bitz v. Meyer, 40 N.J.L. 252 (Sup. Ct. 1878); Schneider v. Mueller, 132 N.J.L. 163 (E. & A. 1944)."
Accordingly, the gist of the complaint here is not conspiracy, but the damage done plaintiff, as aggravated by defendants' conspiracy.
The wrong of which the plaintiff complained was defendants' malicious prosecution to plaintiff's damage. As stated in Schneider v. Mueller, 132 N.J.L. 163, 166 (E. & A. 1944):
"* * * in an action for malicious prosecution our law is settled that such action cannot be maintained for prosecuting a civil suit in a court of common law having competent jurisdiction by the party himself in interest unless the defendant in that suit has, upon such prosecution, been arrested without cause and deprived of his liberty or made to suffer other special grievance different from and superadded to the ordinary expense of his defense. See Potts v. Imlay, 4 N.J.L. 382; Bitz v. Meyer, 40 Id. 252."
The plaintiff's complaint discloses that the elements aforementioned were alleged in the charge against the defendants, together with the recitation of facts indicating malicious institution of criminal legal proceedings, without probable cause, resulting favorably to the plaintiff. The alleged wrongful acts having been committed by the combined action of more than one defendant, the plaintiff asserted the same to have been committed by defendants' concerted action.
*408 The defendants contend that the first count of the complaint does not spell out a valid cause of action for conspiracy, in that it relies upon conduct of the defendants which is not actionable. Aside from the acts of malicious prosecution, the first count asserts a course of conduct by the defendants which we think may not be relied upon by the plaintiff to establish a cause of action. As we view it, such allegations may well be pleaded, not to establish the wrong, but as indicative of a conspiracy to perpetrate the wrong alleged to have been inflicted upon the plaintiff by the defendants. Certainly, the second and third counts of the complaint adequately assert the acts of malicious prosecution as the wrong aggravated by the concerted action detailed in the first count and the specific instances alleged in each of the subsequent counts of the complaint.
R.R. 4:8-6 (formerly Rule 3:8-6) provides that "All pleadings shall be so construed as to do substantial justice." Therefore, in considering whether a cause of action is stated, the infirmities of a complaint not substantive in character will be overlooked. Cohen v. Miller, 5 N.J. Super. 451, 454 (Ch. Div. 1949); Puccio v. Cuthbertson, 21 N.J. Super. 544, 548 (App. Div. 1952). In light of the apparent intent toward liberality in pleading under the new rules of practice in our courts, we are constrained to conclude that plaintiff's complaint sets forth sufficient issues of fact and law as to withstand the defendants' motion for dismissal. Young v. George C. Fuller Contracting Co., Inc., 12 N.J. Super. 554 (Law Div. 1951).
Having concluded plaintiff's complaint to be one asserting a cause of action for damages sustained by reason of defendants' malicious prosecution, we experience no difficulty in finding that plaintiff's action is not barred by the two-year statute of limitations as asserted by the defendants inasmuch as "* * * the statute of limitations applying to the action for malicious prosecution is section 2:24-1, fixing the period of limitation as six years, and that this action now before the court is not barred by the statute of limitations." Kearney v. Mallon Suburban Motors, Inc., *409 23 N.J. Misc. 83, 88 (Cir. Ct. 1945). The record indicates that the acts of malicious prosecution complained of are within this six-year period.
The rules of practice and procedure governing our courts allow for a liberal policy of amendment of pleading where it appears that the plaintiff may have a valid cause of action. Thermoid Co. v. Consolidated Products Co., Inc., 7 N.J. 283, 289 (1951); Standiford v. Bernhardt, 13 N.J. Super. 357, 361 (App. Div. 1951). Rule 3:15-1 (now R.R. 4:15-1), provides, inter alia:
"A party may amend his pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *"
Cf. Young v. George C. Fuller Contracting Co., Inc., supra.
"It has been the firmly implanted rule that an entirely new and distinctly different cause of action cannot by means of an amendment of the pleadings be introduced after the statute has tolled the action. (Cited cases.) * * *
The existing liberality in permitting amendments is bestowed to prevent legalistic technicalities from impeding, or obstructing, the paramount aspiration to promote substantial justice in all litigious controversies. The present progressive judicial policy is not, however, intended to afford a refuge to languid and dilatory litigants.

* * * * * * * *
It would be supremely impracticable, if not pernicious, to condone a practice which would permit adventurous litigants by means of successive amendments to the pleadings in the original action to prosecute, seriatim, a procession of distinctly disparate causes of action and thus elude the statutory limitations of time." Welsh v. Bd. of Ed. of Tewksbury Tp., 7 N.J. Super. 141, 145 (App. Div. 1950).
Governed by these statements as criteria, the question for determination by the trial court is whether the "gist" of the original complaint and the proposed amendment are the same. In the case of O'Shaughnessy v. Bayonne News *410 Co., 9 N.J. Misc. 345 (Cir. Ct. 1931), affirmed 109 N.J.L. 271 (E. & A. 1932), it is said:
"* * * So an amendment will not as a rule be held to state a new cause of action if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or, if the gist of the action or the subject of controversy remains the same; and this is true although the form of liability asserted, or the alleged incidents of the transaction may be different. Technical rules will not be applied in determining whether the cause of actions stated in the original and amended pleadings are identical, since in a strict sense almost any amendment may be said to change the original cause of action. 49 C.J. 510, 511.
"In a tort action an amendment may vary the statement of the original complaint as to the manner in which the plaintiff was injured, or as to the manner of the defendants' breach of duty, without necessarily setting up a new cause of action. * * *"
The record indicates that the trial court questioned the plaintiff's complaint for its lack of simplicity and that when counsel moved for permission to amend the complaint to comply with the court's criticism, the court denied his motion. We are of the opinion that in view of the circumstances of the case, the fact that we find a valid cause of action to have been stated and the liberality of our policy on amendments as aforementioned, the trial court should have granted plaintiff's motion to amend his complaint, within the confines of the rules regarding deviation from the gist of the original complaint. Chandless v. Borg, 24 N.J. Super. 73 (Law Div. 1952).
The judgment is reversed.