William W. MINER et al.

v.

COMMERCE OIL REFINING
CORPORATION.

Civ. A. No. 2721.

United States District Court
D. Rhode Island.

Sept. 6, 1961.

Cornelius C. Moore, Newport, R. I., James A. Higgins, William C. Dorgan, Providence, R. I., Salvatore L. Virgadamo and Francis J. Boyle, Newport, R. I., of counsel, for plaintiffs.

Letts & Quinn, Providence, R. I., Daniel J. Murray, Providence, R. I., of counsel, for defendant.

DAY, District Judge.

This is an action wherein the seventeen plaintiffs seek to recover damages from the defendant for the alleged violation by the defendant of their civil rights and for the alleged malicious use of process and alleged abuse of process. It is the outgrowth of an action instituted by the defendant against the plaintiffs in this Court in February 1957, which action was entitled Commerce Oil Refining Corporation v. Miner et al., C.A. No. 2113, D.C.1959, 170 F.Supp. 396.

Plaintiffs' complaint contains three counts. The pertinent allegations of Count I may be summarized as follows: that all of the plaintiffs, with the exception of Burgess Lunsford, are citizens of the State of Rhode Island; that the latter is a citizen of the State of Florida; that the defendant is a corporation organized under the laws of the State of Delaware and has its principal place of business in the State of New York; that the plaintiffs' cause of action arises under the provisions of 42 U.S.C.A. § 1983, and that this Court has jurisdiction to hear and determine said action under 28 U.S. C.A. § 1343; that on the 27th day of September, 1956, the Town Council of the Town of Jamestown, in the State of Rhode Island, adopted amendments to the building and zoning ordinances of said town, and a licensing ordinance, and granted a license to confer upon defendant a color of lawful authority to construct and operate an oil refinery in said town; that thereafter, on February 11, 1957, the defendant under color of said license, the ordinance authorizing the same, and said amendments, brought a civil action in this Court entitled Commerce Oil Refining Corporation v. Miner et al., C.A. No. 2113, D.C., 198 F.Supp.

895, wherein it charged that the plaintiffs herein were guilty of an unlawful combination and conspiracy pursuant to which they unlawfully and maliciously resorted to unlawful means to deprive defendant of its alleged rights "under color of said ordinance, said amended ordinances, and the statutes of the State of Rhode Island" to construct and operate a petroleum refinery in said Town, and sought therein damages in the sum of $2,000,000 and, in addition, punitive damages; that on March 11, 1958, when said action was reached for trial, the defendant by its counsel stated it would not offer evidence in support of the allegations of its complaint, and thereupon said complaint, upon motion by plaintiffs, was dismissed with prejudice; that at the time said action was commenced, the defendant knew each of the plaintiffs to be incapable of responding to even a small portion of the damages sought therein; that in fact the defendant had not sustained any damages; that defendant's purpose in bringing said action was not in fact to obtain satisfaction for alleged damages, but that its purpose was wilfully and maliciously, under color of said license, ordinance and amendments to said ordinances, by invoking the process of this Court to "stifle, to limit and to subject plaintiffs to a deprivation of a full exercise by plaintiffs of their rights guaranteed by the First and Fourteenth Amendments to the Constitution of the United States" to express their own opinions concerning defendant's proposal to locate and operate a petroleum refinery at Jamestown, Rhode Island, and to associate together peaceably for the purpose of more effectively expressing said opinions and to urge other persons to concur with their opinions; that under color of said license, etc., defendant caused plaintiffs to curtail and limit their rights of freedom of speech, held them up to ridicule, scorn and contempt, damaged their good names and standing in the community, caused them humiliation, etc., and obligated them to incur large expense to make their defenses to said action, for all of which each of said

plaintiffs seeks judgment against the defendant in the sum of $100,000, and punitive damages as well.

In Count II, which purports to state a claim for malicious use of process, jurisdiction of this Court to hear and determine said claim is alleged to be based upon the jurisdiction of this Court over the cause of action alleged in Count I, its jurisdiction over said prior action, said Civil Action No. 2113, and under the provisions of 28 U.S.C.A. § 1332. The allegations contained in Count I are repeated in this Count and, in addition, the plaintiffs allege that defendant in instituting said prior civil action maliciously used the process of this Court without probable cause. Damages similar to those sought in Count I are sought in Count II.

Count III is claimed by plaintiffs to state a claim for abuse of process. The allegations as to jurisdiction asserted in Count II are re-asserted in Count III as are the allegations of Count I. In addition, it is alleged therein that said prior action was commenced without a reasonable belief by the defendant at the time that said action could have validity, was commenced without probable cause, and that the defendant has maliciously abused the process of this Court. Damages of a like amount and nature to those sought in Counts I and II are sought in Count III.

The defendant has moved to dismiss the entire complaint on the following grounds, viz.:

(1) This Court lacks jurisdiction over the subject matter alleged in Count I.

(2) That Count I fails to state a claim upon which relief can be granted.

(3) That this Court lacks jurisdiction over the defendant.

(4) That Count II fails to state a claim upon which relief can be granted.

(5) That Count III fails to state a claim upon which relief can be granted.

(6) That the claims asserted in Counts I, II and III are barred by the provisions of Rule 13(a) of the Federal Rules of Civil Procedure.

(7) That the cause of action alleged in each of said counts is barred by the provisions of 2 General Laws of Rhode Island 1956, Sec. 9–1–14.

(8) That as to all counts as to the plaintiff, Burgess Lunsford, this Court lacks jurisdiction over said plaintiff and the defendant.

■■ At the outset, it is to be noted that a complaint or any count thereof should not be dismissed for failure to state a claim upon which relief can be granted unless it appears with certainty that the plaintiff would not be entitled to relief under any set of facts which conceivably could be proved in support of the claim or claims stated therein. Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Manosky v. Bethlehem-Hingham Shipyard, Inc., 1 Cir., 1949, 177 F.2d 529; Fitch v. Firestone, D.C. R.I.1959, 173 F.Supp. 131. And for the purpose of a motion to dismiss, the allegations of the complaint must be construed in the light most favorable to the plaintiff. Callaway v. Hamilton National Bank of Washington, 1952, 90 U.S.App. D.C. 228, 195 F.2d 556.

As hereinbefore pointed out, Count I alleges a cause of action under the Civil Rights Act of 1871, 42 U.S.C.A. § 1983 [1] for alleged deprivation of rights protected by the Fourteenth Amendment to the Constitution.

■ It is well settled that the right of free speech under the First Amendment is a constitutional right guaranteed by the Fourteenth Amendment. Douglas v. City of Jeannette, 1943, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324; Jamison v.

[1]. 42 U.S.C.A. § 1983 "Civil Action for deprivation of rights.

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

State of Texas, 1943, 318 U.S. 413, 63 S. Ct. 669, 87 L.Ed. 869; Schneider v. State, 1939, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155. The Civil Rights Act was originally enacted to enforce the Fourteenth Amendment. Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492; Williams v. Yellow Cab Co. of Pittsburgh, Pa., 3 Cir., 1952, 200 F.2d 302, certiorari denied Dargan v. Yellow Cab Co. of Pittsburgh, Pa., 346 U.S. 840, 74 S.Ct. 52, 98 L.Ed. 361. And it is equally well settled that the action inhibited by that Amendment is only such action as may fairly be said to be action of the States. Said Amendment erects no shield against private conduct, no matter how wrongful or discriminatory it may be. Collins v. Hardyman, 1951, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253; Shelley v. Kraemer, 1948, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161; Civil Rights Cases, 1883, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835. In order that any action may be fairly said to be State action, such action must be taken by an agent or instrumentality of the State under authority of State law. Screws v. United States, 1945, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495; United States v. Classic, 1941, 313 U.S. 299, 61 S.Ct. 1031, 85 L. Ed. 1368; Ex parte State of Virginia, 1879, 100 U.S. 339, 25 L.Ed. 676. It is obvious that the defendant is not an agent or instrumentality of the State of Rhode Island. The fact that it held a license to construct and operate an oil refinery, issued by said Town of Jamestown pursuant to State law, did not make it an agency of the State and does not render its action, purportedly taken to protect its rights under said license, State action within the provisions of the Fourteenth Amendment and 42 U.S.C.A. § 1983. Williams v. Yellow Cab Co. of Pittsburgh, Pa., supra; Moffett v. Commerce Trust Co., 8 Cir., 1951, 187 F.2d 242; Watkins v. Oaklawn Jockey Club, 8 Cir., 1950, 183 F.2d 440. In my judgment the action by the defendant as alleged in Count I was not State action within the meaning of said 42 U.S.C.A.

§ 1983, and accordingly Count I fails to state a claim for relief under said statute. Defendant's motion to dismiss Count I is granted.

██ Count II purports to state a claim for malicious use of process. In my opinion the allegations of Count II, as hereinbefore set forth, are sufficient to state a claim for malicious use of process. Proof of the allegations contained therein would entitle the plaintiffs to a verdict under said count. Lauzon v. Charroux, 1894, 18 R.I. 467, 28 A. 975; Newell on Malicious Prosecution, 397. The defendant's motion to dismiss Count II for failure to state a claim upon which relief can be granted is denied.

██ Plaintiffs contend that Count III states a claim for abuse of process. The authorities generally recognize a distinction between actions for malicious use of process and for abuse of process. An abuse of process occurs where it is employed for some unlawful object not the purpose for which it was intended; that is, where there is a perversion of it. The regular use of process cannot constitute abuse of process even though the person using it was actuated by a wrongful motive, purpose, intent or malice. Ross v. Peck Iron & Metal Company, 4 Cir., 1959, 264 F.2d 262; Baird v. Aluminum Seal Company, 3 Cir., 1958, 250 F.2d 595; White v. Holderby, 5 Cir., 1951, 192 F.2d 722; Italian Star Line v. United States Shipping Board Emergency Fleet Corp., 2 Cir., 1931, 53 F.2d 359, 80 A.L.R. 576; Capitol Electric Company v. Cristaldi, D.C.Md.1958, 157 F.Supp. 646; Morphy v. Shipley, 1945, 351 Pa. 425, 41 A.2d 671; Lauzon v. Charroux, 1894, 18 R.I. 467, 28 A. 975; 72 C.J.S. Process § 120; Restatement: Torts § 682. Viewing the allegations of Count III in the light most favorable to the plaintiffs, I find and conclude that it fails to allege facts which if proven would establish that the defendant employed the process of this Court for any purpose other than that for which it is intended, or that there was any perversion of it.

Defendant's motion to dismiss Count III is granted.

Defendant also contends that Count II should be dismissed for want of jurisdiction. As hereinbefore noted, the plaintiffs in their complaint allege that this Court has jurisdiction to hear and determine said Count II on three grounds, viz.: (1) under the provisions of 28 U.S.C.A. § 1343; (2) its jurisdiction over said previous civil action between the parties, Civil Action No. 2113, and (3) diversity jurisdiction under the provisions of 28 U.S.C.A. § 1332(c).

The first two of these grounds require little discussion. In my opinion each of them is untenable. Where two separate and distinct causes of action are alleged, one of which, as here, is federal, and the other non-federal in character, if the federal ground is not established, a federal court has no jurisdiction to retain and decide the case based on the non-federal ground. Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Delman v. Federal Products Corp., 1 Cir., 1958, 251 F.2d 123. Similarly, where an earlier action has been terminated the Federal Courts have no ancillary jurisdiction to hear and determine later litigation between the same parties involving different issues. Oils, Inc. v. Blankenship, 10 Cir., 1944, 145 F.2d 354; 36 C.J.S. Federal Courts § 13(2).

Diversity jurisdiction exists here if, as the plaintiffs contend, the principal place of business of the defendant at the time of the institution of this action was located in the State of New York. Since the allegations of the plaintiffs as to the citizenship of the defendant within the meaning of 28 U.S.C.A. § 1332 are challenged by the defendant, the burden rests upon the plaintiffs to establish them by a fair preponderance of the evidence. Metro Industrial Painting Corp. v. Terminal Const. Co., D.C.N.Y. 1960, 181 F.Supp. 130. At the hearing on the instant motion the parties presented evidence of a conflicting nature on this issue. And in Webster v. Wilke, D.C.Ill. 1960, 186 F.Supp. 199, in discussing the problem the Court said at pages 200 and 201:

"Subsection (c), added to Section 1332 by amendment in 1958, provides, in pertinent part, that 'a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' Congress did not define the phrase 'principal place of business', but did suggest that the courts, in construing that phrase in Section 1332(c), were to be guided by decisional law construing the identical phrase in other federal statutes. Specific reference was made to Section 11 of the Bankruptcy Act, 11 U.S.C.A. § 11. U.S.Code Cong. & Adm.News 1958, p. 3102, quoted in Scot Typewriter Co. v. Underwood Corp., D.C.S.D. N.Y., 170 F.Supp. 862, 863, note 1.

"The Section 11 analogy was applied in Moesser v. Crucible Steel Co., D.C.W.D.Pa., 173 F.Supp. 953, one of the few reported cases construing Section 1332(c). The court said that the question of where a corporation maintains its principal place of business is always a question of fact which depends for its solution upon all of the circumstances of the particular case. Decision of that question requires a general survey of the corporation's activities and a comparison of the character, importance and scope of the activities conducted in each state where the corporation operates."

The evidence, oral and documentary, presented at the hearing established that the defendant, a Delaware corporation, was incorporated on February 23, 1955 to construct and operate an oil refinery. Although on December 6, 1960, when the instant action was filed, it was the record owner of a large tract of land in Jamestown, Rhode Island, its proposed refinery had not been built and it was not conducting any business activities in the State of Rhode Island. It maintained no office in this State and had no employees here. In its annual corporate reports for

the years 1957, 1958 and 1959, filed with the Secretary of State of the State of Delaware, its treasurer certified therein that its principal place of business was at 136 East 57th Street, in the city of New York. The reports for the years 1958 and 1959, filed on March 11, 1959 and January 12, 1960, respectively, contained affidavits of inactivity, so-called, signed by said treasurer and Harold M. Geller, its executive vice-president and one of its directors. In these affidavits they certified that the corporation had not transacted any of the business activities for which it was incorporated. Mr. Geller, who may be fairly said to be the most active and dominant personality in the affairs and activities of the defendant, testifying in support of the defendant's motion, said that he could not recall the recitals in said annual reports as to the defendant's principal place of business. His testimony did not impress me. It is inconceivable that anyone having and displaying such a personal and such an active interest in the activities and success of the defendant should suffer from such a faulty memory. The defendant's corporate records were all located in New York; its correspondence was conducted from New York. Its officers were all residents of New York; its directors were all non-residents of Rhode Island, and with two exceptions were all residents of New York. Considering all of the evidence and the reasonable, sensible inferences to be drawn from it, I find and conclude that at the time of the institution of this action the principal place of business of the defendant was in the State of New York, and not in the State of Rhode Island, and that the defendant was to be deemed a citizen of New York and that this Court has jurisdiction to hear and determine the cause of action alleged in Count II, under the provisions of 28 U.S.C.A. § 1332(c).

Defendant also contends that the claim asserted in Count II is barred by the compulsory counterclaim provisions of Rule 13(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In short, it says the plaintiffs should have asserted said claim in their pleadings in said Civil Action No. 2113. In my opinion this contention is without merit. A claim for malicious use of process arising from the bringing of an action cannot come into being until the action giving rise to it has been determined in favor of the party asserting such claim. It is well settled that pleading a claim for damages arising from the wrongful institution of an action before the final determination of such action in favor of the pleader is premature and is not authorized by the Federal Rules of Civil Procedure. Capitol Electric Company v. Cristaldi, supra; Slaff v. Slaff, D.C.N.Y.1957, 151 F.Supp. 124; Union National Bank of Youngstown, Ohio v. Universal-Cyclops Steel Corp., D.C.Pa.1952, 103 F.Supp. 719; Bach v. Quigan, D.C.N.Y.1945, 5 F.R.D. 34; Park Bridge Corp. v. Elias, D.C.N.Y.1943, 3 F.R.D. 94; Goodyear Tire & Rubber Co. v. Marbon Corporation, D.C.Del.1940, 32 F.Supp. 279.

Finally, the defendant claims that Count II should be dismissed because the claims alleged therein, it says, are barred by the Rhode Island statute of limitations. The defendant argues that said claims in no event matured later than March 11, 1958, when defendant's complaint in said Civil Action No. 2113 was dismissed with prejudice, and that the statute of limitations applicable to said claims is 2 Gen.Laws of R.I.1956, sec. 9-1-14 which reads as follows:

"* * * Actions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after."

Plaintiffs, on the other hand, assert with equal vigor that the applicable statute of limitations is 2 Gen.Laws of R.I.1956, sec. 9-1-16 which provides in pertinent part that:

"All actions of the case except for words spoken and for injuries to the person * * * shall be commenced and sued within six (6) years next after the cause of action shall accrue, and not after."

In Rhode Island, the remedy for malicious use of process is by an action of the case for malicious prosecution. The question of which of the foregoing limitations applies to a cause of action for malicious prosecution is one of first impression in Rhode Island. Accordingly, it becomes my duty to make an informed prophecy as to how the Supreme Court of Rhode Island would rule if this issue were presented to it for determination. Mutual Ben. Health & Accident Ass'n v. Cohen, 8 Cir., 1952, 194 F.2d 232; Cooper v. American Airlines, Inc., 2 Cir., 1945, 149 F.2d 355, 162 A.L.R. 318; Fitch v. Firestone, D.C.R.I.1959, 173 F.Supp. 131.

Diligent research reveals little decisional law on this issue in other jurisdictions, and a conflict among the decisions. In California and Georgia, the courts have held that statutes of limitation relating to causes of action for "injuries to the person" apply to causes of action for malicious prosecution. On the other hand, the courts of New Jersey in construing statutes of limitation similar to those of Rhode Island, involved here, have held that an action for malicious prosecution is not to be regarded as an action "for injuries to the person" within the meaning of said statutes. In Kearney v. Mallon Suburban Motors, Inc., 1945, 41 A.2d 274, at page 276, 23 N.J. Misc. 83, the court said:

"The gist of the action of malicious prosecution is for an injury to the personal rights as distinguished from injuries to the person. Subsequent arrest and imprisonment are matters of damage but not necessary to be sustained in order to give right to the action of malicious prosecution insofar as the charge that the criminal action(s) was maliciously prosecuted. Hammill v. Mack International Motor Truck Corporation, 104 N.J.L. 551, 141 A. 775.

"It is my conclusion that the Statute of Limitations applying to the action for malicious prosecution is Section 2:24–1, fixing the period of limitation as six years, and that this action now before the Court is not barred by the Statute of Limitations."

See also, Cabakov v. Thatcher, 1953, 27 N.J.Super. 404, 99 A.2d 548.

In Senn v. Kogut, 1952, 79 R.I. 429, 89 A.2d 842, the Supreme Court held that the statutory provision which is now said 2 Gen.Laws of R.I. Section 9–1–16, was the statute fixing the period for bringing an action for alienation of affections and rejected the defendants' contention that the statute fixing a limitation period of two years for bringing an action for injuries to the person applied to such an action. It reached this conclusion despite the fact that the Supreme Court of said state had held in Taylor v. Bliss, 1904, 26 R.I. 16, 57 A. 939, that an action for alienation of affections of a wife is one for malicious injury to the person of the husband within the meaning of a poor debtor's statute.

In view of the conclusion reached by the Supreme Court in Senn v. Kogut, supra, and my opinion that the rule in New Jersey is supported by logic and sound reasoning, I am convinced that the Supreme Court of Rhode Island would hold that 2 Gen.Laws of R.I. Section 9–1–16 is applicable, and that the action alleged in Count II is not barred.

Said evidence establishes that the defendant had qualified to do business in the State of Rhode Island prior to the institution of this action. The return of the United States Marshal discloses that the process issued in this action was served upon the defendant's resident agent for service of process, duly appointed by it in accordance with the Rhode Island statute. Under the circumstances, the action of Burgess Lunsford, a citizen of Florida, is properly brought against the defendant in this judicial district, under the provisions of 28 U.S.C.A. § 1391(c). Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167. Count II is technically deficient in its jurisdictional averments insofar as it fails to aver that the defendant had quali-

fied to do business in this judicial district, in accordance with the requirements of the laws of the State of Rhode Island. Said Count II may be amended within ten days to supply said allegation if the plaintiff, Burgess Lunsford, desires to make such amendment.

In conclusion, the defendant's motion to dismiss Counts I and III is granted; it is denied as to Count II.