591

## MURARKA et al. v. BACHRACK BROS., Inc.

Civ. No. 42–462.

United States District Court
S. D. New York.

Dec. 1, 1952.

Clarence P. Greer, New York City (Joseph Leary Delaney, New York City, of Counsel) for plaintiffs.

Benjamin Adler, New York City, for defendant.

MURPHY, District Judge.

In this action for breach of contract for the sale of goods, the principal question is one of proof of plaintiffs' citizenship for purposes of jurisdiction. The statute applicable at the time this complaint was filed

in July, 1947 gives this court jurisdiction in all civil actions where there is the requisite amount in controversy between "Citizens of a State and foreign States, citizens or subjects." 28 U.S.C.A. former § 41.[1] The complaint alleged that "plaintiffs are and were at all times mentioned herein, partners, doing business as a general partnership in Delhi, India, under the name and style of Fatehchand Madangopol; that each plaintiff is an alien and a subject of Great Britain." The answer "denies. knowledge or information sufficient to form a belief as to the[se] allegations." It is admitted that defendant is, and was at all times mentioned in the complaint, "a domestic corporation incorporated under the laws of the State of New York;" and also that there is the requisite jurisdictional amount in controversy.

Once the appropriate allegations of citizenship are made in a complaint, the plaintiff has the burden of supporting them by competent proof amounting to a preponderance of evidence upon challenge by his adversary. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188–189, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated. Press, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183; Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111; Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951. It is self-evident that the testimony of a single interested lay witness, called by plaintiffs, to the effect that each of the plaintiffs has lived in some part of India is far from establishing each such plaintiff as "an alien and a subject of Great Britain," as alleged in the complaint. Cf. Stuart v. Easton, 156 U.S. 46, 15 S.Ct. 268, 39 L.Ed. 341. Although it may be the case that at the time the complaint was filed the Government of India was an interim one recognized as such by the United States with an ambassador to Washington whose credentials were signed by His Majesty, King George the Sixth of the United Kingdom, it does not follow that testimony by this witness given over defendant's objection that

1. Now 28 U.S.C.A. § 1332(a) (2), as amended by 62 Stat. 930, June 25, 1948, which provides: "Citizens of a State, and foreign states or citizens or subjects thereof;".

plaintiffs were citizens of India, is competent proof that such is the case.

Accordingly this court is without jurisdiction and the complaint is dismissed without prejudice.