**COMPANIA DISTRIBUIDORA WOOD-WARD Y. DICKERSON, Inc. v. CRISTINA COPPER MINES, Inc. and H. Cortez Johnson.**

United States District Court
S. D. New York.
Sept. 8, 1953.

**IRVING R. KAUFMAN**, District Judge.

This is an action by Compania Distribuidora Woodward Y. Dickerson, Inc., a Cuban corporation, against Cristina Copper Mines, Inc., a Delaware corporation, and H. Cortez Johnson, its President, for default on a promissory note, executed and delivered by Cristina to plaintiff in Cuba, and endorsed before delivery by Johnson. A second cause of action is alleged by the same plaintiff against Cristina only for default on a contract made and to be performed in Cuba.

Defendant Johnson has moved to dismiss the complaint as to him on the ground that there is not the necessary diversity of citizenship, since he is not a citizen or resident of the State of New York but is rather a resident of Cuba. Johnson has moved alternatively for an order vacating the plaintiff's notice to take his deposition on oral examination before trial in New York on September 2, 1953, on the ground that he will be in Cuba on the date set for the taking of his examination.

The applicable statute gives this court jurisdiction in all civil actions where there is the requisite amount in controversy between "Citizens of a State, and foreign states or citizens or subjects thereof". 28 U.S.C.A. § 1332(a)(2). The amended complaint alleges that "Defendant Johnson is and at all times hereinafter mentioned was a citizen and resident of the State of New York." In the affidavit accompanying his motion to dismiss, Johnson, while stating that he is a citizen of the United States, denies that he is or ever was a citizen or resident of the State of New York. He states that since 1942 he has made his home in Cuba and resided there continuously.

When allegations of citizenship appropriate for diversity jurisdiction are made in the complaint, "the plaintiff has the burden of supporting them by competent proof amounting to a preponderance of evidence upon challenge by his adversary." Murarka v. Bachrack, D.C.S.D. N.Y.1952, 108 F.Supp. 597. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188–189, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press,

Hughes, Hubbard, Blair & Reed, New York City, for plaintiff (Kalman A. Oravetz and Edwin L. Gasperini, New York City), of counsel.

John L. Flynn, New York City, for defendant H. Cortez Johnson (John M. Foley, New York City), of counsel.

299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183; Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111; Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951.

The plaintiff contradicts Johnson's denial of New York citizenship by presenting affidavits, in one of which an acquaintance of Johnson states that "the only places in Cuba where I have known * * * Johnson to have ever stayed are the Hotel Biltmore and the Hotel Nacional in Havana, 'Cuba" and that he had spoken to Johnson by 'phone in New York several times this year. A second affidavit indicates that a room clerk at the Hotel Stratford in New York City stated that Mr. Johnson maintained an apartment there. Finally, it is admitted that Mrs. Johnson was at the Stratford Hotel when the complaint against Johnson in this case was served there.

█ Such facts, even if true, are not enough to carry plaintiff's burden of establishing diversity against the clear denial of Johnson that he has ever been a resident of New York and his explanation that Mrs. Johnson has spent considerable time in New York City and Rochester visiting friends, since his business in Cuba has required extensive other travel on his part.

Plaintiff, on the papers now before me, does not offer evidence of any weight concerning Johnson's residence in New York, such as where he votes, where he pays taxes, where he maintains his personal belongings, or such other facts which, when fully gathered, might establish Johnson's residence. See Shreveport Long Leaf Lumber Co., Inc. v. Wilson, D.C.W.D.La. 1941, 38 F.Supp. 629. Nor is plaintiff's argument that a person's previous domicile continues until a new domicile is established relevant until there is more substantial proof that Johnson at some previous time, if not now, made his home in New York.

█ Considered together, the affidavits presented by both sides leave the question of Johnson's residence unanswered. Since the burden of proving the jurisdictional facts is here on the plaintiff, the Court will grant the defendant's motion to dismiss unless plaintiff within thirty days after entry of the order hereon, submits to the Judge presiding at the regular Motion Part additional facts showing that Johnson is a resident of New York and that the diversity necessary for jurisdiction exists. The plaintiff, within the thirty day period may take Johnson's deposition, either orally, if the defendant is in New York during that time, or by written interrogatories if the defendant is elsewhere.

Settle order.