**Application of METRO INDUSTRIAL PAINTING CORP. and Max Gerben, Joan Gerben and Leo Gerben, doing business as Gerben Contracting Company, Petitioners,**

v.

**TERMINAL CONSTRUCTION CO., Inc., and Frouge Construction Co., Inc., Respondents, for an order compelling arbitration to § 4 of Title 9 U.S.Code.**

United States District Court
S. D. New York.
Feb. 15, 1960.

M. Carl Levine, Morgulas & Foreman, New York City, for petitioners, David Morgulas, New York City, of counsel.

Raphael, Searles, Levin & Vischi, New York City, for respondents, Sidney O. Raphael, Leo M. Drachsler, New York City, of counsel.

DAWSON, District Judge.

This is a motion to compel arbitration pursuant to § 4 of the United States Arbitration Act, 9 U.S.C. § 4, on the ground that petitioners are parties aggrieved by the alleged failure, neglect or refusal of respondents to arbitrate pursuant to a written agreement for arbitration. There is also a cross-motion by respondents to stay arbitration pursuant to § 3 of the Act and to dismiss the petition on the ground that petitioners have not established requisite diversity of citizenship as to respondent Frouge Construction Co., Inc., and that the Court therefore lacks jurisdiction over the parties, and on the further ground that the transactions which are the subject of the arbitration sought do not involve interstate commerce within the meaning of § 1 and § 2 of the Act, and, in any event, do not come within the specifications of the arbitration clause.

The petition establishes that respondent Frouge Construction Co., Inc. (hereafter called "Frouge"), a Connecticut corporation, authorized to do business within the State of New York, and respondent Terminal Construction Co. (hereafter called "Terminal"), a New Jersey corporation, also authorized to do business within the State of New York, entered into a written subcontracting agreement, dated May 26, 1958, with petitioners Metro Industrial Painting Corp. (hereafter called "Metro"), a New York corporation, and Max Gerben, Joan Gerben and Leo Gerben, a co-partnership doing business under the name of Gerben Contracting Company, all members thereof being citizens and residents of New York. The contract related to certain painting work to be done as part of the construction of a federal armed services housing project located at Homestead, Florida.

The petition further establishes that the following arbitration clause was made part of that agreement:

"Anything to the contrary notwithstanding in this agreement, it is understood that any questions with respect to performance, non-performance, default, compliance or non-compliance, whether on behalf of the Contractor or the Subcontractor, shall be determined by Sidney O. Raphael and David Morgulas jointly. In the event that the said Sidney O. Raphael and David Morgulas cannot agree as to the aforegoing matters, then and in that event request shall be made of the President of the Bar Association of the City of New York for appointment and/or designation of a third party, who shall then act as sole arbitrator to determine all such matters as to which the said Sidney O. Raphael and David Morgulas cannot agree, and the decision of said third party shall be final and conclusive. This provision shall be deemed to supplant and/or modify any provision of this agreement, whether printed or typewritten, which shall in any manner be inconsistent therewith.

"Pending the adjustment of any disputes or differences and the determination thereof either by adjustment or award or otherwise, the job program shall not be delayed, but all work shall continue pending the determination of such dispute as aforementioned."

The petitioners allege that they fully performed all the terms and conditions of the agreement, but that respondents failed to provide the number of units to be ready for painting within the time specified in the agreement, and that as a result petitioners were required to incur considerable expenses in order to fulfill their contractual obligations.

Petitioners further allege that they were compelled to incur expenses for extra work required by respondents' alleged failure to meet other specifications set forth in the agreement; that re-

spondents refused to arbitrate the above-mentioned claims, and that the two claims together involve an amount in excess of $200,000.

The respondents' cross-motion seeks to dismiss the petition on the following grounds:

(1) That under the express provisions of § 1332(c) [1] of 28 U.S.C.A., applicable to corporations, respondent Frouge's principal place of business is in New York, such that the Court lacks requisite diversity jurisdiction over the parties.

(2) That the transactions which constitute the subject matter of the dispute sought to be arbitrated do not involve interstate commerce within the meaning of § 1 [2] and § 2 [3] of the Act, such that the Court lacks jurisdiction over the subject matter.

(3) That, in any case, disputes over alleged delays or over extra work do not come within the specific terms of the arbitration clause and are therefore not arbitrable.

Each objection will be discussed in turn. Frouge predicates its claim of lack of requisite diversity jurisdiction on the ground that its principal place of business is in New York and not in Connecticut where it is incorporated.

At the outset, it is settled in this Circuit that suits involving the application of the Arbitration Act do not furnish an independent basis of federal jurisdiction under 28 U.S.C. § 1331. San Carlo Opera Co. v. Conley, D.C.S.D.N.Y.1946, 72 F.Supp. 825, affirmed 2 Cir., 1947, 163 F.2d 310; Robert Lawrence Company v. Devonshire Fabrics, Inc., 2 Cir., 1959, 271 F.2d 402, 408, 409.

Therefore, to establish jurisdiction it is necessary to establish diversity of citizenship. Petitioners are all residents and citizens of New York. Respondent Frouge is a Connecticut corporation. Respondents contend, however, that Frouge has its principal place of business in New York and that therefore under § 1332(c) of the Judicial Code, 28 U.S.C.A. § 1332(c) it must be deemed a citizen of New York.

The rule is well established that when allegations of citizenship appropriate for diversity jurisdiction are made in the complaint, the plaintiff has the burden of supporting them by competent proof amounting to a preponderance of evidence upon challenge by his adversary. Compania Distribuidora Woodward Y. Dickerson, Inc. v. Cristina Copper Mines, D.C.S.D.N.Y.1953, 114 F.Supp. 454. Repondent Frouge is admittedly a Connecticut corporation. Jurisdiction can be divested only by establishing that despite this fact it has its principal place of business in New York rather than in Connecticut. Metro's opposing affidavit more than adequately meets its burden of establishing that its principal place of business is not in New York.[4]

---

1. "(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1332.

2. "* * * 'commerce', as herein defined, means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation * * *." 9 U.S.C.A. § 1.

3. "A written provision in any * * * contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C.A. § 2.

4. In its affidavit Metro asserts that Frouge is incorporated in Connecticut; that it maintains an elaborate and substantial office building in the city of Bridgeport, situated in that State; that all prior construction contracts to which Metro was a party were negotiated at that office; that all payments with respect to

Therefore, respondent Frouge's cross-motion to dismiss the petition on the ground of lack of requisite diversity jurisdiction is denied.

■ Respondents' second contention—that the arbitration contract did not relate to transactions in interstate commerce—is likewise found to be lacking in merit.

Petitioner Metro's undisputed affidavit establishes that a considerable part of its labor force was from New York City, that at least 20% of its total work force employed on the Homestead, Florida, project was transported from New York to Florida and was paid in Florida, and that the cost of transporting these individuals to and from Florida was borne by petitioner.

Metro's undisputed affidavit further establishes that materials used by its workmen on the project were purchased from States other than Florida, principally from Pennsylvania and Maryland, and that materials for the entire project came from all parts of the country and were utilized in Florida by various out-of-state subcontractors employed there.

In the face of these assertions respondents offer no evidence to contradict or explain them, and yet insist that the transactions do not come within the broad purview of interstate commerce within the meaning of § 1 and § 2 of the Act.

Clearly the shipment of men, materials and supervisory personnel from New York to Florida constitutes the performance of "a contract evidencing a transaction involving commerce," just as does the shipment of goods under a contract of sale from one state to another. The pertinent authorities are cited in Robert Lawrence Company v. Devonshire Fabrics, Inc., supra, 271 F.2d at page 409.

■ Turning to respondents' third ground on which they predicate their motion to dismiss the petition, it becomes evident that state authorities which have narrowly construed the terms of arbitration clauses are no longer controlling in this Circuit.

In this regard, the main thrust of Judge Medina's scholarly opinion in Robert Lawrence, supra, is to expound the proposition that once jurisdiction over both subject matter and the parties is established, all questions relating to the validity, enforcement and interpretation of the arbitration clause of a contract, are to be governed by federal rather than local law, i. e., the Arbitration Act, and that the Act was to be given a liberal interpretation.

"Finally, any doubts as to the construction of the Act ought to be resolved in line with its liberal policy of promoting arbitration both to accord with the original intention of the parties and to help ease the current congestion of court calendars. Such policy has been consistently reiterated by the federal courts and we think it deserves to be heartily endorsed. (Citing cases.)" 271 F.2d at page 410.

There is nothing to indicate that the specific issues in dispute do not fall within the broad categories of "performance, non-performance, default, compliance or non-compliance" set forth in the arbitration clause. Each authority cited by respondents to the contrary involves the application of local law, and is obviously no longer controlling.

" * * * But Section 2 declaring that arbitration agreements af-

---

work performed under those contracts were made from that office; that all correspondence relative to the completion of those projects issued out of that office; and that principal legal counsel for Frouge is a Bridgeport firm. In support of these assertions Metro submitted as part of its affidavit two photographs of Frouge's Bridgeport office, and a letter

dated September 2, 1959 received from Frouge relating to a prior project which had as its letterhead:

"Frouge Construction Company Inc.
  Builders
Main Office 141 North Ave.,
Bridgeport 4, Conn.
Telephone FOrest 6–4531"

134

fecting commerce or maritime affairs are 'valid, irrevocable, and enforceable' goes beyond this point and must mean that arbitration agreements of this character, previously held by state law to be invalid, revocable or unenforceable are now made 'valid, irrevocable, and enforceable.' This is a declaration of national law equally applicable in state or federal courts * * *." Robert Lawrence Company v. Devonshire Fabrics, Inc., 271 F.2d at page 407.

Therefore, respondents' motion to dismiss the petition on the ground that the Court lacks jurisdiction over the subject matter, is denied. The motion to dismiss as to respondent Frouge on the ground that the Court lacks jurisdiction because of alleged lack of diversity, is also denied.

Petitioners' motion to compel arbitration is granted. So ordered.