### GOODYEAR TIRE & RUBBER CO. v. MARBON CORPORATION et al.
### Civ. No. 50.

District Court, D. Delaware.
March 18, 1940.

Wm. Brown Morton and Frank E. Barrows (of Pennie, Davis, Marvin & Edmonds), both of New York City, and E. Ennalls Berl (of Southerland, Berl, Potter & Leahy), of Wilmington, Del., for plaintiff.

Max W. Zabel and E. C. Gritzbaugh (of Zabel, Carlson, Gritzbaugh & Wells), both of Chicago, Ill., and Robert H. Richards, Jr. (of Richards, Layton & Finger), of Wilmington, Del., for defendants.

NIELDS, District Judge.

Marbo Patents, Inc., one of the defendants, moves for leave to file an additional counterclaim as supplemental pleading.

June 3, 1938 defendant Marbo Patents, Inc., brought suit in the United States District Court for the Northern District of Illinois against Goodyear Tire & Rubber Company of Delaware, a subsidiary of plaintiff, for infringement of Bradley and McGavack Patent No. 1,519,659. The defendant in the Illinois suit pleaded unclean hands and estoppel.

In the instant suit plaintiff moved for a preliminary injunction restraining the defendants from asserting any right under said patent. The basis of this suit is the allegation of defendants' unclean hands which is the defense pleaded in the Illinois suit.

November 13, 1939 this court granted a preliminary injunction restraining defendants from asserting any rights under said patent in the Illinois suit. Thereafter the Illinois suit was dismissed for want of prosecution.

Marbo Patents, Inc., alleges in its proposed supplemental pleading that the injunction issued by this court was improvidently granted and that this will appear upon full hearing of the instant case upon the merits. Marbo Patents, Inc., further alleges that it has been irreparably damaged if it shall be found upon such final hearing that plaintiff was not entitled to the injunction.

Can defendants file this additional counterclaim as supplemental pleading? Rules 13(e) and 15(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provide:

"Rule 13. *Counterclaim and Cross-Claim.* * * *

"(e) *Counterclaim Maturing or Acquired After Pleading.* A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."

"Rule 15. *Amended and Supplemental Pleading* * * *

"(d) *Supplemental Pleadings.* Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

To come within the scope of Rule 13 a counterclaim must have "matured". If the counterclaim has not matured it states no cause of action. The proposed counterclaim has not matured because the relief sought is dependent upon plaintiff's failure to prevail in the case at bar. Pleading a claim for damages arising from the wrongful bringing of an action before the final determination thereof is premature and unauthorized by the Rules of Civil Procedure.

Defendants' motion must be denied.