**CYCLOTHERM CORPORATION v. MILLER.**

Civil No. 8544.

United States District Court
W. D. Pennsylvania.

Nov. 13, 1950.

Isadore M. Goldsmith, H. A. Robinson, and Dickie, Robinson & McCamey all of Pittsburgh, Pa., for plaintiff.

James J. Burns, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

The plaintiff's complaint sets forth the jurisdictional requirements of this court and alleges that "defendant owes the plaintiff the sum of $11,448.06, with interest from November 3, 1949, for goods sold and delivered by the plaintiff to the defendant between August 16, 1948 and November 3, 1949." The defendant's answer denies the debt and asserts a counterclaim in the amount of $60,000.00. The case is before the court on plaintiff's Motion to Dismiss the Defendant's Counterclaim because it fails to state a claim upon which relief can be granted.

The facts alleged in the counterclaim are in substance that the Cyclotherm Corporation sold a steam generator through the defendant and another to Pittsburgh Terminal Warehouse, Inc., a corporation located in Pittsburgh, Pennsylvania; that after the installation of the boiler and while the cycle of operation was being set, an explosion occurred and as a result, one of the employees of Pittsburgh Terminal Warehouse was killed. The widow of the deceased employee brought an action in trespass against Cyclotherm Corporation and William Gripp Miller in the Allegheny County Court of

Common Pleas at No. 660 July Term, 1949. The Common Pleas Court dismissed the action as to Cyclotherm because of lack of jurisdiction. The action against Miller is still pending. The defendant asserts as his counterclaim here, his contingent liability in the state court action.

The counterclaim asserted by the defendant is dependent upon his failure to prevail in the suit in the state court. It is not the purpose of Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to permit as a counterclaim allegations which might eventually ripen into a claim. The counterclaim asserted by the defendant has not matured. See Goodyear Tire & Rubber Co. v. Marbon Corporation, D.C., D.Del. 1940, 32 F.Supp. 279, and Bach v. Quigan, D.C., E.D.N.Y.1945, 5 F.R.D. 34.

The counterclaim will be dismissed, with leave to defendant to file an amended answer within ten days from the date hereof.