**Charles SCHERZA**

v.

**The HOME INDEMNITY COMPANY.**

Civ. A. No. 3447.

United States District Court
D. Rhode Island.

Aug. 22, 1966.

William J. Counihan, Jr., Pawtucket, R. I., John T. Keenan, Providence, R. I., for plaintiff.

Raymond A. LaFazia, Providence, R. I., for defendant.

OPINION

PETTINE, District Judge.

This action involves a motion pursuant to Rule 13 F.R.Civ.P. to permit the defendant to assert a cross claim which is in reality a counter claim demanding contribution from the plaintiff Charles Scherza in the instant case should the plaintiff, Richard Scherza, prevail in a companion case.

The plaintiff's complaint sets forth the jurisdictional requirement of this Court and states that as a direct proximate result of the negligence of the defendant's insured while operating a motor vehicle on a public highway in the State of Rhode Island, the said insured automobile collided violently with the vehicle being operated by the plaintiff, in which the plaintiff's son was riding as a passenger; in his complaint the plaintiff alleges substantial personal injuries.

The plaintiff's son Richard Scherza, p. p. a. filed a similar complaint against the defendant for personal injuries.

In his proposed counter-claim the defendant states, "In the event that judgment is rendered for the original plaintiff, Richard Scherza, p. p. a. in the companion action against this defendant in this action * * * then in such event, pursuant to the statute of the State of Rhode Island in such cases made and provided, the defendant is entitled to contribution for one half of any such judgment from said Charles Scherza, his negligence having been causally related to the happening of the accident and to the injuries and damages allegedly sustained by plaintiff, Richard Scherza, p. p. a. in the companion action.

Wherefore, the defendant demands judgment against the plaintiff, Charles Scherza * * *."

While the memoranda in support of this contention explores the question of

whether parent-child immunity in cases involving contribution is in force in the State of Rhode Island, that question is not before the Court since the motion must be denied on the first issue raised by the defendant.

The plaintiff argues that a counter-claim may not be pleaded before accrual or maturity of the demand on which it is based and cites a number of cases in support of his position.

The question is not entirely novel to this Court. In D'Onofrio Construction Company v. Recon Company, 1 Cir., 255 F.2d 904, 909 (Decided May 22, 1958) the Court stated,

"* * * But if the event has already occurred out of which a common liability may be asserted to have arisen, and if the injured party has already commenced an action against one of the possible joint tortfeasors, one cannot deny that a case or controversy in a constitutional sense has already come into existence as between the defendant sued and the other possible joint tortfeasor who is under a contingent obligation to make contribution.

Therefore, in the case we have supposed above, where the injured party has commenced an action against one negligent tortfeasor, we see no reason in the nature of things, or in *the wording of the Rhode Island statute,* which would prevent the defendant sued from filing in the Rhode Island courts, *at once,* or within two years after the original plaintiff *received his injuries,* a complaint against the other joint tortfeasor and the contingent right to contribution; and such complaint ought to be good against a motion to dismiss, even though the common liability has not yet been established, and even though the plaintiff is not yet entitled to a judgment for contribution against his joint tortfeasor."

The Court went on to say, "Rhode Island does not say that such actions must be commenced within a stated period after the cause of action for contribution shall have accrued, but rather that the action must be commenced within the stated period 'after *the cause* of action shall accrue *to the injured person,* and not after.' "

This Court, However, is now confronted with a different situation. Effective January 10, 1966 this section of the Rhode Island law was amended. It now reads;

"A joint Tort feasor is not entitled to a final money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof. Actions for contribution shall be commenced *not later than one (1) year next after* the first payment made by a joint Tort feasor which has discharged the common liability or is more than his pro rata share thereof."

The statute thus presupposes that liability has been established between Tortfeasors before a suit may be brought for contribution. This is quite different from the situation which existed in D'Onofrio Construction Company v. Recon Company cited above.

The statute now requires a prior determination as to the alleged joint Tortfeasors common liability before an action for contribution can be maintained. This requirement is unsatisfied in the case at bar. The relief sought is wholly dependent upon the plaintiff, Richard Scherza, p. p. a. prevailing in the companion case.

As stated by the defendant in support of its motion, a liberal attitude prevails in the Federal Courts concerning the allowance of the filing of counterclaims, and the rules respecting the allowance of amendment should be given a liberal construction. However, it is well settled, as pointed out by the plaintiff, that an unmatured counterclaim may not be pleaded.

It is the opinion of this Court that the statute as amended dictates that it adopt this well settled rule—Cyclotherm Corporation v. Miller, D.C., 11 F.R.D. 88 (D.C.Pa.1950), Fidelity & Casualty Company of N. Y. v. Coffelt, D.C., 11 F.R.D. 443 (D.C.D.Iowa 1951).

The defendants claim for contribution is dependent on a judgment against it. As it now exists it is a contingent claim and not, therefore, the proper subject of a counterclaim.

The claim the defendant presses in this case is premature.

The defendant's motion is denied.