Cynthia D. MARCUS, P. P. A. Joseph E. Marcus

v.

Richard MARCOUX, Clara Marcoux

v.

Philip A. ALPERT.

No. 3682.

United States District Court
D. Rhode Island.

Jan. 23, 1967.

Irving Winograd, Providence, R. I., for plaintiff.

Martin M. Zucker, Providence, R. I., for defendant.

Harold I. Kessler, Providence, R. I., for third-party defendant.

## OPINION

PETTINE, District Judge.

This is a tort action. The plaintiff, Cynthia D. Marcus, a minor, brings her action by and through her next friend and parent, Joseph E. Marcus. The plaintiff alleges that while exercising due care as a passenger on a motorcycle operated by Philip A. Alpert, the defendant backed his automobile from the driveway onto the street causing said auto to collide with the motorcycle as a result of defendant's negligence. The plaintiff further alleges that she was seriously injured due to the negligence and carelessness of the defendant, Richard Marcoux. Jurisdiction is based upon diversity of citizenship and the requisite jurisdictional amount.

The matter is presently before the court on a Motion to Dismiss a third-party complaint against Philip A. Alpert or to strike out said complaint.

The third-party complaint states that Philip A. Alpert in the operation of his motorcycle was the sole cause or in the alternative in part the cause of said collision and the defendants demand judgment against him for all sums that may be adjudged against them upon the determination of the case.

The defendant and third-party plaintiff filed this complaint under Rule 14 (a) of the F.R.Civ.P. which provides:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

In seeking to implead Alpert as a third-party defendant, it must be determined whether or not the allegations contained in the third-party complaint does nothing more than place sole liability for the collision upon the third-party defendant?

"Rule 14(a) may be used only to implead a person who is or may be secondarily liable to the original defendant for all or part of plaintiff's recovery. It is not possible to bring in a person as a third-party defendant simply because he is or may be liable to the original plaintiff. * * * Under the Rule a third-party complaint should set forth a statement of the claim showing that the pleader is entitled to the relief demanded. [Defendants have] failed to do this. The third-party complaint fails to allege that the third-party defendant is or may be liable to the original defendant." Ross v. Erie Railroad Co. (D.C. Pa.1955) 18 F.R.D. 9, 11.

The motion to dismiss the third-party defendant was granted with leave to file an amended third-party complaint.

In the case at bar, it is apparent that the third-party complaint attempts to place sole liability for the collision upon the third-party defendant with an alternative allegation reading, " * * * or in the alternative, in part the cause of said collision and the alleged injuries. * * * "

Is this sufficient to exempt the complaint from dismissal?

If the third-party defendant Alpert was only partially responsible for the collision as alleged in the alternative, the original defendant and the third-party defendant would be joint tort-feasors. This being so, is there a right to implead him, for as joint tort-feasors, each would be responsible for one-half of the judgment to the plaintiffs.

The defendant argues that the plea of sole responsibility in the third-party complaint was to avoid an admission of contributory negligence and for consistency with his defense in the orig-

inal case. That for the purpose of impleading the third-party defendant, it is mere surplusage.

The court accepts this argument for certainly there can be such inconsistent pleadings. See Rule 8(e) (2) F.R.Civ.P. The alternative pleading, therefore, in the third-party complaint is perfectly proper.

> "It is generally held that a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that no state of facts which could be proved in support of its allegations would enable the plaintiff to relief. And for the purposes of a motion to dismiss, a ccmplaint should be viewed in the light most favorable to the plaintiff." Atella v. General Electric Company (1958) 21 F.R.D. 372.

This same rule, as of necessity, applies to a motion to dismiss a third-party complaint.

The question remains as to whether or not Rule 14(a) has application in the area of contribution among joint tort-feasors.

The third-party defendant cites Scherza v. The Home Indemnity Company, 257 F.Supp. 97 (D.C.1966) for the proposition that since the defendants or third-party plaintiffs in the present case have not alleged that they were required to and did at least partially satisfy a common liability, they have not set forth a cause of action against the third-party defendant upon which relief can be granted. The third-party defendant contends that the said Scherza case quite clearly sets forth that the Rhode Island statute dealing with contribution between joint tort-feasors requires that one joint tort-feasor partially satisfy the common liability as a condition precedent to the accrual of a cause of action.

■ The answer is simply that the *Scherza* case is not in point. There the plaintiff, Charles Scherza, sued the defendant to recover damages caused by the alleged negligence of the defendant's insured. The defendant did not issue a third-party complaint under Rule 14(a) against one not a party, as was done in the case at bar. Rather the defendant served a *counterclaim* against the plaintiff seeking contribution in regard to a claim arising out of the same accident brought against the defendant on behalf of Charles Scherza's son, Richard, in a separate action. Rule 13 contemplates assertion by the defendant only of a *matured* claim against the plaintiff. Goodyear Tire & Rubber Co. v. Marbon Corporation (D.C.Del.1940, 32 F.Supp. 279). A claim for contribution against a joint tort-feasor made prior to payment of more than a pro rata share of the common liability is a contingent, not a matured, claim. As such it cannot be made the subject of a counterclaim, as was attempted in *Scherza*. A contingent claim for contribution can be made the subject of a third-party claim under Rule 14(a), whereby the defendant "may cause a summons and complaint to be served upon a person not a party to the action who is *or may be* liable to him for all or part of the plaintiff's claim against him." (Emphasis added.) Had the defendant in the action brought in behalf of Richard Scherza issued a third-party complaint against Charles Scherza, the procedure would have been comparable to the instant case. By instead counterclaiming in the other action, that brought by Charles Scherza, the defendant there simply did not avail itself of the impleader permitted by Rule 14(a). In this case the defendant has done so.

■■ That Rule 14(a) may be used to establish a conditional liability to make contribution as a joint tort-feasor was settled for us in D'Onofrio Construction Co. v. Recon Co., 255 F.2d 904 (1st Cir. 1958). It is true, as that case makes clear (255 F.2d at 907), that no *final* money judgment can be entered until the defendant is held liable in the original action and satisfies more than his pro rata share of the common liability.

But the court upheld the procedure whereby the conditional judgment of liability to contribute can be rendered against the third-party defendant, with the final judgment to await the above contingency. It did so even on the assumption that Rhode Island's courts would entertain no suit for contribution until after payment of more than a pro rata share of the common liability. However, it appears clear that since the adoption of the Rhode Island Rules of Civil Procedure, effective January 10, 1966, and the enactment of legislation designed to integrate those rules with the statutory law of the state, that Rhode Island law permits determination of a conditional liability of a third-party defendant to make contribution as a joint tortfeasor. Language in *Scherza* indicative of the contrary was not necessary to the result reached in that case.

Professor Robert B. Kent, the draftsman of the Rules of Procedure for the Rhode Island Courts, states in his reporter's notes following Rule 14:

"Rule 14 is the same as the Federal rule and introduces impleader to Rhode Island practice. * * *" "The rule enables a tortfeasor to obtain a conditional judgment against a joint tortfeasor who 'may be liable' to him though no final judgment can be entered until payment of more than a pro rata share of the common liability." General Laws 1956, 10–6–4 (as amended by Public Laws 1965, Ch. 55).

In 1958 when D'Onofrio was decided, there may have been some question as to whether or not Rhode Island law permitted a conditional judgment to be entered by one joint tort-feasor against another in a matter involving joint tort-feasors.

At that time, Rhode Island General Laws 1956, § 10–6–4 provided,

"A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof. Actions for contribution shall be commenced and sued within two (2) years next after the cause of action shall accrue to the injured person, and not after."

This law was amended in 1960 to read:

"A joint tort feasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof. Actions for contribution shall be commenced within one (1) year next after the first payment made by a joint tort feasor which has discharged the common liability or is more than his pro rata share thereof."

It was again amended effective January 10, 1966 by inserting the word "final" before "money judgment" and the words "not later than" instead of "within" before the "next year."

This was as proposed by Professor Kent, who in his explanatory notes to the members of the Rhode Island Superior Court comprising the committee for the New Rules of Civil Procedure, wrote concerning this amendment and the application of Rule 14,

"14. *Contribution Among Joint Tort-feasors-Third-Party Practice.* Rule 14(a) provides that a defendant, as a third-party plaintiff, may bring into an action a person who is or may be liable to him for all or part of the plaintiff's claim against the defendant. This rule has potential application in the area of contribution among joint tort-feasors. A defendant in a tort action may desire both to deny liability and to assert that if he is liable a third party will be liable to him for contribution as a joint tort-feasor. Under 10–6–4 such defendant is clearly not entitled to a final judgment for contribution until he has paid more than his pro rata share of the common liability. Rule 14 only permits him to obtain a conditional judgment, i. e.,

a judgment that the third party will be liable to him in the event that he pays more than his pro rata share. The difficulty with 10–6–4 is that it provides, 'Actions for contribution shall be commenced *within* one (1) year next after the first payment made by a joint tort-feasor which has discharged the common liability or is more than his pro rata share thereof.' The use of the words 'within one year next after' are susceptible to the interpretation that no action for contribution can be commenced until the discharge of more than a pro rata share of the common liability. The proposed amendment would change the section to read 'Actions for contribution shall be commenced *not later than* one (1) year next after the first payment * * *.' The change does not extend the period within which such action may be brought, but it does enable the defendant to use Rule 14 prior to the making of any payment. It must be emphasized that although a conditional judgment can be rendered as to liability to contribute, the statutory ban on a final judgment for contribution until actual payment remains intact."

■ There is no question now that one need no longer wait until the discharge of more than a pro rata share of the common liability before commencing an action for contribution. The defendant may utilize Rule 14 before he makes any payments and a conditional judgment can be rendered with the statutory ban on a final judgment for contribution until actual payment.

■ In the case at bar, if the court should find that the defendant is not liable to the plaintiff, it will end the litigation as between the third-party plaintiff and the third-party defendant. If, however, it is found that the defendant and the third-party defendant were negligent then the defendant may obtain a money judgment against the third-party defendant after he has paid all or more than his pro rata share of the judgment against him.

Impleader cannot be denied in this case.

The motions of the third-party defendant to strike and dismiss are hereby denied.

Counsel for defendant is directed to prepare an order in keeping with the decision hereby rendered.