NATIONAL BOWL–O–MAT CORPORA-
TION et al., Plaintiffs,

v.

BRUNSWICK CORPORATION, Defend-
ant and Counter-Claimant

and

Daniel Lieblich and Reuben Dankoff,
Counter-Defendants.

Civ. A. No. 595–66.

United States District Court
D. New Jersey.

Feb. 21, 1967.

Stryker, Tams & Dill, Newark, N. J., for Brunswick Corporation, by John J. Monigan, Jr., Newark, N. J., Arthur C. Dwyer, Paterson, N. J., Stephen Knee, Springfield, N. J.

Lieblich & Cole, Paterson, N. J., for plaintiffs, by Malcolm A. Hoffmann, Patrick Leach, New York City.

Harry Green, Deal, N. J., for R. A. Dankoff.

On Motion To Dismiss Third Count of Counterclaim

## OPINION

WORTENDYKE, District Judge.

In this treble damage action under 15 U.S.C. §§ 15 and 26, the defendant has counterclaimed against the plaintiffs and the counter-defendants in three counts. The first two counts of the Counterclaim invoke the jurisdiction of this Court under the same Federal statutory sections (1 and 2 of Title 15) as are relied upon by the plaintiffs to support jurisdiction over the Complaint. The Third Count of the Counterclaim alleges that this Court has jurisdiction " * * * pendent to its jurisdiction of plaintiffs' Complaint and of the First and Second Counts herein [in the Counterclaim], for the reason that it arises out of the same acts and among the same parties and out of injuries and threatened injuries to the same business, and should be determined in the same proceeding in order to do complete justice among the parties." The Third Count alleges that the plaintiffs and counter-defendants have individually, and by combination and conspiracy among themselves and with others, " * * * willfully, wantonly and maliciously injured the business of counterclaimant in the sale of bowling equipment and supplies and have attempted willfully, wantonly and maliciously to destroy counterclaimant's business in the operation of bowling centers and have willfully, wantonly and maliciously injured coun-

terclaimant's business reputation and good will." The same Count alleges that to accomplish the injuries therein complained of, the plaintiffs and counter-defendants made statements to the effect set forth in Paragraph 13 of the First Count of the Counterclaim, incorporated by reference into paragraph 13 of the Third Count of the Counterclaim. These injurious acts are alleged to have consisted of conduct by the plaintiffs and counter-defendants in furtherance of attempts to monopolize, and of their combination and conspiracy to monopolize in violation of Section 2 of the Sherman Act. The allegations are as follows:

"In furtherance of their attempts to monopolize and their combination and conspiracy to monopolize, as aforesaid, counter-defendants have:

(a) made and published false statements to other bowling center operators to the effect that the operation by counterclaimant of bowling centers is an unlawful attempt by it to monopolize the bowling center business.

(b) made and published false statements to other bowling center operators to the effect that counterclaimant has exercised in areas where it operates bowling centers power to fix the prices for bowling lineage for other bowling centers in such areas;

(c) made and published false statements to other bowling center operators to the effect that counterclaimant subsidizes bowling centers operated by it with the purpose of driving out of business competing operators of bowling centers;

(d) made and published to other bowling center proprietors false statements to the effect that counterclaimant attempted to cause the counter-defendants which are subsidiaries of Bowl-O-Mat to default on their obligations to counterclaimant by granting them less favorable

credit terms than granted to their competitors, with the purpose of taking over and operating such Bowl-O-Mat centers;

(e) made and published false statements to other bowling center proprietors to the effect that counterclaimant deceitfully, untruthfully and in bad faith has represented that it is willing to sell the equipment and operation of the bowling centers which it operates to responsible buyers and on reasonable terms;

(f) made and published false statements to other bowling center operators that counterclaimant has not attempted in good faith to require the bowling centers which it operates to observe the principles of fair competition which it has formulated and published as the principles laid down by it for the operation of such centers;

(g) caused and sought to cause Bowling Proprietors Association of America and various local organizations affiliated with it, by making to them the false statements alleged in the foregoing subparagraph (a), to adopt resolutions condemning counterclaimant's operation of bowling centers as unfair and damaging competition to other bowling center operators.

(h) urged other bowling center operators to boycott counterclaimant as a source of bowling equipment and supplies.

(i) instituted the action against counterclaimant set forth in plaintiffs' Complaint herein without good or sufficient grounds for doing so, has circulated among other bowling center operators copies of said Complaint and has publicized its said suit widely among other bowling center operators, both orally and in writing.

(j) solicited and urged Bowling Proprietors Association of America and various of its affiliated local organizations to help defray the expenses of prosecuting the claims against counterclaimant which are alleged in the complaint of the plaintiffs in this cause and, in the course of such solicitation and inducements, made the false statements alleged in the foregoing subparagraph (a) and further statements to the effect that counterclaimant's operation of bowling centers is a menace to the business of all other bowling center operators and that, if the plaintiffs herein should prevail upon the claims alleged in their complaint, other bowling center operators throughout the country might be in a position to recover large amounts of damages from counterclaimant on the basis of similar charges,

all with the willful, wanton and malicious purpose and intent of creating suspicion, resentment and ill will against counterclaimant in the minds of other bowling center operators, who are counterclaimant's market for the bowling equipment and supplies which it manufactures and sells, to the end that such other operators will not purchase bowling equipment and supplies from counterclaimant and thereby it will be coerced to abandon its operation of bowling centers in or near said Bowl-O-Mat locations."

The Third Count also charges that, in making the false statements set forth above, the plaintiffs and counter-defendants either knew that such statements were false, or made them recklessly and maliciously without knowledge as to their truth or falsity, and that "The above alleged attempts to monopolize and combination and conspiracy to monopolize are continuing and will continue hereafter unless enjoined by this Court, * * *." The defendant concludes with the allega-

tion that "By reason of the above alleged malicious injuries counterclaimant has been damaged in its business in the amount of $1 million."

The plaintiffs and counter-defendants have noticed motions for an order dismissing the Third Count of the Counterclaim upon the grounds that (1) this Court lacks jurisdiction over the subject matter of the Third Count, and (2) the allegations of the Third Count fail to state a claim upon which relief can be granted. These motions have been briefed and orally argued, and this Opinion embodies the Court's decision thereon.

## DISCUSSION

All parties concede that the First and Second Counts of the Counterclaim set forth causes of action arising under Federal statutory law, i. e., 15 U.S.C. §§ 1, 2 and 15. The parties also concede that the allegations of the Third Count of the Counterclaim do not set forth a Federal cause of action, nor disclose Federal subject-matter jurisdiction. The defendant contends, however, that the cause of action alleged in the Third Court, although non-federal in character, discloses subject matter of which the Court should take jurisdiction *pendent* to that clearly disclosed by the allegations of the First and Second Counts; that is, pendent jurisdiction of the Third Count arising from its relation to the First and Second Counts *of the Counterclaim* [1] as opposed to arising " * * * out of the transaction or occurrence that is the subject matter of the opposing party's claim * * * ". This, at best, is a novel legal proposition and defendant has cited no authority in support thereof; neither has my own independent research uncovered authority for this proposition. In any event, this contention of defendant is of no moment in the light of what we decide hereinafter.

There is no need here to determine whether this is a compulsory or permissive counterclaim or whether this Counterclaim "arises out of the transaction" which is the subject matter of this litigation. For reasons hereinafter stated it has been determined that the Third Count of defendant Brunswick Corporation's Counterclaim should be dismissed for failure to state a claim upon which relief can be granted.

Paragraph 1 of the Third Count of defendant's Counterclaim states: "This Court has jurisdiction of this counterclaim *pendent* to its jurisdiction of plaintiffs' Complaint and of the First and Second Counts herein * * *". (Emphasis supplied.) This is not a pendent jurisdiction situation, and defendant's reliance upon Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) is misplaced. *Hurn* concerned itself with a problem wherein there were *two* grounds for a *single cause of action,* one federal and the other non-federal. In this situation, *Hurn* held that federal jurisdiction would attach. This is distinct from a situation where, as here, there are *two causes of action,* one federal (the principal claim) and the other non-federal (the Third Count of the Counterclaim). In the latter situation, only the Federal cause of action is maintainable in the Federal Courts. In the present case, the facts are more akin to those in Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). In *Moore,* there were *two causes of action:* the principal claim and the counterclaim, one of which was federal and the other non-federal. Thus, in regard to a counterclaim, the question is one of *ancillary* jurisdiction as opposed to *pendent* jurisdiction. Pendent jurisdiction usually involves the question whether, in litigation where there are two grounds for a single cause of action, the non-federal claim is so logically connected to the substantial federal claim (and provable out of the substantially same set of operative facts) that a Federal Court should take jurisdiction and adjudicate the entire cause. On the other hand where ancillary jurisdiction is involved, the questions are: (1) whether

---

[1]. See, Memorandum of Counterclaimant in Opposition To Motion To Dismiss Count Three of Its Counterclaim, page 3.

the counterclaim "arises out of the transaction" so as to give the court jurisdiction, or (2) if not "arising out of the transaction", does the counterclaim present grounds upon which a Federal court may properly take jurisdiction and, if so, whether such counterclaim must be supported by its own independent jurisdictional basis. Finally, it cannot be said that there is a sufficiently logical relationship between the case sought to be stated here by the plaintiffs and that set up in the counterclaim by defendant Brunswick Corporation that the failure of the former will establish a foundation for the latter. See Moore v. New York Cotton Exchange, supra, at 610, 46 S.Ct. 367.

## ASPECTS OF THE THIRD COUNT

The Third Count of the Counterclaim sounds generally in defamation. However, I note the following pleading deficiencies:

(1) The alleged defamatory statement or statements are not alleged with sufficient particularity to enable the court to determine whether or not such statement or statements are in fact defamatory. In a defamation action, there is always a preliminary question for the trial judge to consider: Are the words reasonably capable of a defamatory meaning? If the alleged defamatory words are unambiguous and open only to a single interpretation—i. e., defamatory or non-defamatory—the Court makes a determination as a matter of law. If the alleged defamatory words are vague or ambiguous or reasonably susceptible of legally innocent as well as defamatory significance, then it is for the jury to determine as a question of fact, in the light of the circumstances disclosed by the evidence and the entire context of the alleged defamation, whether such alleged defamation was understood to be defamatory by those to whom the publication was made. Mosler v. Whelan, 28 N.J. 397, 404–405, 147 A.2d 7, 11–12 (1958); Sokolay v. Edlin, 65 N.J.Super. 112, 122, 167 A.2d 211, 216 (1961). The initial duty of the trial judge to consider the above-stated question cannot be fulfilled in this case because the alleged defamatory words have not been set forth with sufficient particularity.

(2) N.J.S.A. 2A:14–3 provides a one-year statute of limitations in regard to actions for libel or slander. This statutory provision cannot be made applicable to the Third Count of the Counterclaim for the reason that the date or dates of the alleged defamation are not set forth.

(3) The above-cited statutory provision would not, by the force of N.J.S.A. 2A:14–22, apply to plaintiffs Holiday Bowl-O-Mat (a New York corporation) and Skore Lanes Bowl-O-Mat (a Michigan corporation).

(4) Paragraph 13 of Count Three of the Counterclaim, incorporating by reference paragraph 13(h) of Count One of the Counterclaim, fails to state a cause of action.

(5) Paragraph 13 of Count Three of the Counterclaim, incorporating by reference paragraph 13(i) of Count One of the Counterclaim, fails to state a cause of action. See Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 117 A.2d 889 (1955); Fenning v. S. G. Holding Corp., 47 N.J.Super. 110, 135 A.2d 346 (App.Div.1957).

(6) Paragraph 13 of Count Three of the Counterclaim, incorporating by reference paragraph 13(j) of Count One of the Counterclaim, fails to state a claim upon which relief can be granted. See (1) above and also Coleman v. Newark Morning Ledger Co., 29 N.J. 357, 375–377, 149 A.2d 193, 203 (1959).

(7) Paragraph 15 of Count Three of the Counterclaim, incorporating by reference paragraph 15 of Count One of the Counterclaim, states: "The above alleged attempts to monopolize and combination and conspiracy to monopolize are continuing and will continue hereafter unless enjoined by this Court, and threatened counterclaimant with injuries and damage to its business." This allegation neither states a cause of action for defamation nor any other cause of action.

Imputations adversely affecting one in his business, trade, or profession are slanderous, and actionable upon such grounds. See Mick v. American Dental Assn., 49 N.J.Super. 262, 139 A.2d 570 (App.Div.1958). However, such cause of action must be properly pleaded.

For the foregoing reasons, Count Three of defendant Brunswick Corporation's Counterclaim is dismissed for failure to state a claim upon which relief can be granted.

Present appropriate draft of order.