**T. W. BAILEY et al., Plaintiffs,**

v.

**TRANSPORTATION–COMMUNICA-
TION EMPLOYEES UNION
et al., Defendants.**

**Civ. A. No. WC 6843-S.**

United States District Court
N. D. Mississippi, W. D.

Nov. 20, 1968.

Dixon L. Pyles, Pyles & Tucker, Jackson, Miss., for plaintiffs.

Thomas D. Bourdeaux, Ethridge, Minniece, Bourdeaux & Jones, Meridian, Miss., James L. Highsaw, Jr., Edward J. Hickey, Jr., Mulholland, Hickey & Lynman, Washington, D. C., for defendants.

OPINION

ORMA R. SMITH, District Judge.

The plaintiff in this case, T. W. Bailey, sues individually and on behalf of the members of System Division 11, Transportation - Communication Employees Union. The defendant in this action is the Transportation-Communication Employees Union of St. Louis, Missouri. (Hereinafter referred to as TCU.) TCU is an unincorporated labor organization which represents employees

of railroads in the United States pursuant to the provisions of the Railroad Labor Act. TCU also has members who work on railroads in Canada. TCU has a Grand Division and subordinate divisions chartered by the Grand Division. System Division 11 is one of these subordinate divisions whose members are employed by the Illinois Central Railroad Company. The individual defendants in this case are officers and members of the Board of Directors of the Grand Division of TCU except for two of the defendants who are members of a special ballot committee.

By this action, the plaintiffs seek to prevent the proposed merger between TCU and the Brotherhood of Railway and Airline Clerks, another unincorporated international labor organization. (Hereinafter referred to as BRAC.) This action is based upon the following allegations: (1) that the merger proposal violates the TCU constitution; (2) that the merger would change the bargaining representative of TCU members in violation of the Railroad Labor Act;[1] (3) that the merger would render null and void the provisions of the collective bargaining agreement between TCU and the Illinois Central Railroad which employs the plaintiffs in violation of the Railway Labor Act; and (4) that the members who are now serving in management positions will vote on the merger in violation of the Labor Management Reporting and Disclosure Act.[2]

On November 4 and 5, 1968 this case was heard on a motion for a temporary restraining order pursuant to the provisions of Rule 65, F.R.Civ.P. The defendants were given notice of this proceeding by telegram and telephone and were represented by counsel for this hearing. This Court held that even though the defendants had notice of the hearing that the proceedings would be limited to a motion for a temporary restraining order even though there is authority for the proposition that where a party has notice of a hearing for a temporary restraining order that it can then become a hearing for a preliminary injunction. See Dilworth v. Riner, 343 F. 2d 226 (5 Cir. 1965). This Court felt that this position was necessary because the defendant had at most only two days notice. Under these circumstances, it would be stretching the requirements of due process to convert a hearing on a temporary restraining order into a hearing for a preliminary injunction.

On November 5, 1968 this Court enjoined the effectuation of the proposed merger between TCU and BRAC until a hearing could be held on the plaintiffs' motion for a preliminary injunction. By agreement of the parties, the ten day limit provided for by Rule 65, F.R.Civ. P., was extended until November 19, 1968.

So that the record would reflect the informal understandings and agreements between opposing counsel and the Court, an order was signed on November 12, 1968 providing for the filing of briefs and responsive pleadings on November 14, 1968 and consolidating the hearing for a preliminary injunction with a hearing on the merits on November 19, 1968.

The verified complaint in this case and the evidence given in the hearing for a temporary restraining order before this Court on November 4 and 5, 1968 reveals that during the week of July 8, 1968 the regular quadrennial convention of the Grand Division of TCU was held in St. Louis, Missouri. At this convention a proposal for a merger of TCU with BRAC was made. This proposal was rejected. A subsequent motion, however, was adopted giving the President, Grand Secretary and Treasurer, and the Board of Directors authority to secure merger proposals from any organization. This motion provided that a merger proposal could be submitted to the membership of TCU upon a majority vote of the Grand and General Officers

1. 45 U.S.C.A. § 151 et seq.

2. 29 U.S.C.A. § 411(a) (4).

in session. It was further provided that upon a favorable majority vote of the members, the officers of TCU would be authorized to effectuate the merger, including all necessary amendments to the constitution of TCU.

At a meeting of the Grand and General Officers of TCU in St. Louis, Missouri on September 5, 1968 a majority of the officers voted to submit a merger proposal to a membership referendum. The proposed merger was between TCU and BRAC. On October 10, 1968 a letter was sent by A. R. Lowry, President, and L. H. Freeman, Grand Secretary and Treasurer, to all members of TCU announcing that a merger proposal between TCU and BRAC was being submitted to the membership for a referendum. Along with this letter a ballot and a return envelope were sent. All active, life, retired, and out-of-service members of TCU received letters and ballots. The plaintiffs maintain that included within these groups are a large number of management personnel and citizens of Canada. The plaintiffs maintain that under these conditions their rights to select their own labor representatives within the meaning of the Railway Labor Act and the Labor Management Reporting and Disclosure Act are being violated.

This case was called for hearing at 9:00 o'clock A.M., in the United States Courthouse in Aberdeen, Mississippi, on November 19, 1968. At the outset of this hearing, the parties were informed that the first issue to be resolved was whether the Court had in personam jurisdiction over the defendants through the service upon Mr. J. H. Abbott. The plaintiffs rested their case on the testimony given before the Court on the plaintiffs' motion for a temporary restraining order heard on November 4 and 5, 1968. The only service of process perfected upon any of the named defendants was personal service upon Mr. J. H. Abbott. Mr. Abbott was personally served under Rule 4, F.R.Civ.P. with-

in the jurisdiction of this Court. Mr. Abbott stated that he was within the jurisdiction of this Court performing his duties as General Chairman of two system divisions of TCU. Testimony taken on this date revealed that Mr. Abbott was General Chairman of System Divisions 32 and 5. He stated he was not a Grand Division officer. It is clear that under the constitution of TCU his position as a General Chairman of a system division does not entitle him to be an officer of the Grand Division. Mr. Abbott further testified and the evidence introduced into this cause showed that he was appointed to count the ballots in the merger proposal in dispute. Testimony further revealed that Mr. Abbott was one of the General Officers referred to in the motion made at the regular quadrennial convention of the Grand Division of TCU held in St. Louis. The precise wording of the resolution introduced at this convention is not important. It is only important to note that if this resolution was in fact adopted, the Grand and General Officers in session were to vote on the merger proposal submitted to them by the President, Grand Secretary-Treasurer, and Board of Directors. As a General Chairman of a system division, Mr. Abbott was thereby qualified to vote as a member of the Grand and General Officers in session. Therefore, Mr. Abbott's only official connections with the Grand Division of TCU are as follows: (1) he was a member of the Ballot Committee to count the ballots of the members of TCU on the merger proposal between TCU and BRAC; and (2) his position as a General Chairman of a system division qualified him to vote on the merger proposal submitted by the General Officers of TCU.

■ At the outset of the hearing held before this Court on the motion of the plaintiffs for a temporary restraining order, the defendants stated that they were contesting the in personam jurisdiction of this Court. The defendants have preserved their right to contest the

jurisdiction of this Court by stating this objection in their answer filed pursuant to the order of this Court of November 12, 1968.

▌ The defendants have properly preserved their objections to the jurisdiction of this Court under the Rules. Rule 12(b) provides that *every* defense shall be stated in the responsive pleading and that "(n)o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." The fact that the defendants have filed their answer challenging this action on other grounds in no way results in a waiver of this defense. Rule 12(h) (1) clearly states that a party only waives the issue of jurisdiction over his person if he omits this defense from a motion or responsive pleading. The defendants have properly stated this objection at every stage of these proceedings. At the outset of the hearing held before this Court on November 4, 1968, counsel for the defendants made a proper objection to the jurisdiction of the Court over the named defendants. They have preserved this objection in their answer filed pursuant to the orders of this Court.

▌ Rule 4(d) (3), F.R.Civ.P., requires where a suit is filed against an unincorporated association that service must be made on "an officer, a managing or general agent * * *." This Court holds that under the facts in this case that service upon Mr. Abbott is not sufficient service under this rule. The general principle here is that service upon an agent must be upon a person of sufficient character and rank to make it reasonably certain that the unincorporated association will be apprised of the service made through the agent. See Calagaz v. Calhoon, 309 F.2d 248 (5 Cir. 1962) and 19 Am.Jur.2d § 1466 (1965). The fact that the person so served does give notice of the action is not the issue. There are many methods by which a party can receive notice of the pendency of an action. There is more than notice

involved here. The issue is whether due process requirements have been met in the service upon this agent. Nowhere is the cases cited to this Court, or in its own independent research, has a case been found where service was sufficient under these circumstances. In Morgan Drive-Away, Inc. v. International Brotherhood of Teamsters, et al., 268 F.2d 871 (7 Cir. 1959), cert. denied 361 U.S. 896, 80 S.Ct. 199, 4 L.Ed.2d 152, the Court held that service of process upon officers of a local union was not service upon the international union. The same holds true here, service upon Mr. Abbott as a General Chairman of a System Division is not sufficient service upon the Grand Division of TCU. The system divisions that comprise TCU are separate entities and are independent of the Grand Division. For this reason, service upon an officer of a local is not service upon the international body. This is not like the situation in Claycraft Co. v. United Mine Workers of America, 204 F.2d 600 (6 Cir. 1953), where the local union was not an independent body.

An example of where the person served had a sufficient relationship to the international union so that service upon an agent of the international union was sufficient can be found in Rizzo v. Ammond, 182 F.Supp. 456 (D.C.N.J. 1960). In this case, service was upon an agent of the trustee appointed by the international union to oversee the activities of a local union. This service was held to be sufficient under Rule 4(d) (3), F.R.Civ.P. This is not the case here. In the case at hand, Mr. Abbott's only connections with the international union are so tenuous that to hold that service was sufficient in this case would stretch Rule 4(d) (3) far beyond its original concept.

▌ The plaintiffs now contend, however, that they have perfected service upon a member of the Board of Directors of TCU who was present in court today. This individual was served this day prior to opening of court. As pointed out above, the defendants have effec-

tively preserved their right to object to the jurisdiction of this Court. It is elementary that where a person has preserved his right to object to the jurisdiction of the Court because of lack of personal service of process upon him, he cannot be effectively served once he comes within the territorial jurisdiction of the Court to defend the action.

In view of the holding of the Court, it is unnecessary for the Court to reach the question of jurisdiction of the Court on the issues involved and the merits of the action.

This cause is dismissed without prejudice to the plaintiffs to bring this action in a court of competent jurisdiction. The temporary restraining order issued by this Court on November 5, 1968 is dissolved and terminated. An appropriate order is being entered.