**Morris SORIN, Plaintiff,**

**v.**

**BOARD OF EDUCATION OF the CITY SCHOOL DISTRICT OF WARRENS- VILLE HEIGHTS et al., Defendants.**

**No. C76–489.**

United States District Court,
N. D. Ohio, E. D.

Sept. 7, 1978.

Bernard A. Berkman, Berkman, Gordon, Kancelbaum & Levy, Cleveland, Ohio, for plaintiff.

James G. Gowan, Gallagher, Sharp, Fulton, Norman & Mollison, Cleveland, Ohio, for defendants.

## ORDER

MANOS, District Judge.

This is a civil rights claim brought under 42 U.S.C. § 1983. In the answers to plaintiff's complaint, various defendants have asserted counterclaims against the plaintiff. On November 24, 1976, the plaintiff filed a "Motion to Dismiss Counterclaims of the Defendants." On December 6, 1976, defendants filed "Defendants Joint Motion to Strike." This order addresses those motions.

### I. *Motion to Strike*
#### A.

Defendants argue that plaintiff's motion to dismiss counterclaims was untimely filed and must be stricken from the files because plaintiff filed a reply with affirmative defenses prior to filing plaintiff's motion to dismiss counterclaims. Defendants cite Rule 12(b) of the Federal Rules of Civil Procedure which requires that a motion to dismiss be made "before pleading if a further pleading is permitted."

Defendants' motion to strike is overruled for two reasons. First, motions to dismiss following a responsive pleading are allowed when the defenses raised in the motion were included in the answer. *Bailey v. Transportation-Communication Employees Union,* 45 F.R.D. 444, 447 (N.D.Miss. 1968); *Majerus v. Walk,* 275 F.Supp. 952, 954 (D.Minn.1967). In the replies to the counterclaims, filed on July 8, 1976, the plaintiff alleged that the counterclaims failed to state claims upon which relief can be granted and that this court lacks jurisdiction over the subject matter of the counterclaims. It is on these bases that plaintiff moves for dismissal of the counterclaims. Consequently, the motion to dismiss after the filing of responsive pleading is proper.

Second, a motion to dismiss may be made at any time if the motion is based

upon a defense of "failure to state a claim upon which relief can be granted" or lack of subject-matter jurisdiction. Fed.R.Civ.P. 12(h); *Burks v. Texas Co.,* 211 F.2d 443 (5th Cir. 1954); *Albacten v. Corbett,* 156 F.Supp. 863, 864 (S.D.Cal.1957); *McLaughlin v. Curtis Publishing Co.,* 5 F.R.D. 87 (S.D.N.Y. 1943).

### B.

The defendants' argument that the plaintiff's motion to dismiss should be stricken because this case should be classified as complex litigation is wholly without merit.

### II. *Motion to Dismiss Counterclaims*

The defendants have filed three separate answers, each of which asserts counterclaims against the plaintiff.

### A. *Abuse of Process*

 Each of the answers asserts that plaintiff instituted this action groundlessly and maliciously and that plaintiff has committed the common law tort of abuse of process. Although the counterclaims are termed "abuse of process," the facts pleaded properly allege a claim for "malicious prosecution." See *Avco Delta Corp. v. Walker,* 22 Ohio App.2d 61, 258 N.E.2d 254 (Franklin 1969). In a malicious prosecution action, it is essential that the "person seeking recovery must allege and prove the termination of the proceedings giving rise to such an action and ordinarily must also allege and prove that such proceedings have terminated in favor of the party bringing the action for malicious prosecution." *Avco Delta Corp. v. Walker,* 22 Ohio App.2d 61, 63, 258 N.E.2d 254, 256 (Franklin 1969); see *Rogers v. Barbera,* 170 Ohio St. 241, 164 N.E.2d 162 (1960). A counterclaim for malicious prosecution, therefore, is premature and must be dismissed. See *Goodyear Tire & Rubber Co. v. Marbon Corp.,* 32 F.Supp. 279 (D.Del.1940); see also *Simkins Industries, Inc. v. Fuld & Co.,* 392 F.Supp. 126, 129–130 (E.D.Pa.1975).

### B. *Invasion of Privacy*

 Each of the answers asserts a claim alleging that plaintiff's action constitutes the common law tort of invasion of privacy. Invasion of privacy was defined in *Housh v. Peth,* 165 Ohio St. 35, 133 N.E.2d 340 (1956) as follows:

> An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

The counterclaim in this case fails to allege facts constituting invasion of privacy and is therefore dismissed. See *Young v. That Was the Week That Was,* 423 F.2d 265 (6th Cir. 1970).

### C. *Interference with Business, Professional and Contractual Relationships*

 The third counterclaim, alleged in defendant Weitzman's answer, alleges that the actions of the plaintiff constitute the "common law tort of interference with business, professional and contractual relationship." This tort is described in the *Restatement of Torts* § 766 as follows:

> . . . one who, without privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby.

The Weitzman counterclaim does not allege facts which would constitute this tort because it fails to allege that plaintiff induced any third person to refuse to perform any contract or terminate or decline to enter any relationship with Weitzman. See *Floyd & Co. v. Cincinnati Gas & Electric Co.,* 96 Ohio App. 133, 146, 120 N.E.2d 596 (Hamilton 1954). It is therefore dismissed.

### D. *Defamation of Professional and Business Character*

Defendant Weitzman counterclaims that plaintiff's conduct constitutes the "common law tort of defamation of professional and business character." To state a cause of action for defamation, the allegedly defamatory statement must be set forth in the complaint substantially in the language uttered. *Foster v. United States,* 156 F.Supp. 421 (S.D.N.Y.1957); *National Bowl-O-Mat Corp. v. Brunswick Corp.,* 264 F.Supp. 221 (D.N.J.1967); see Wright & Miller, *Federal Practice & Procedure* § 1245 at 218–19. The counterclaim fails to set forth the substance of the statement alleged to be defamatory. Accordingly the counterclaim is dismissed.

### III. *Conclusion*

The defendants' motion to strike is denied. The plaintiff's motion to dismiss is granted as to all counterclaims.

IT IS SO ORDERED.