**In re Wayne MINK, Debtor.**

**SOUTHERN OHIO BANK, Plaintiff,**

v.

**Wayne MINK, Defendant.**

**Adv. No. 1–81–0376.
Related Case No. 1–81–02452.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Nov. 18, 1982.

Sylvan Reisenfeld, Cincinnati, Ohio, for plaintiff.

Benjamin Goodman, Hamilton, Ohio, for defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM.**

BURTON PERLMAN, Bankruptcy Judge.

In the above identified Chapter 7 case, plaintiff filed a complaint to determine dischargeability of a debt and an objection to the discharge of the debtor pursuant to 11 U.S.C. § 727(a)(3). Defendant/debtor answered and filed a counterclaim for money damages alleging that creditor's claim is in bad faith and without merit. Thereafter plaintiff responded and filed a motion to dismiss defendant's counterclaim for failure to state a claim for relief. The matter came on for hearing. After oral argument, it was agreed that the question be submitted upon briefs to the Court.

Defendant contends that he is entitled to maintenance of his counterclaim in that plaintiff's objection to discharge is frivolous, vexatious and constitutes willful and wanton misconduct towards the defendant. Damages sought by defendant are in the amount of $10,000.00 for compensatory and $2,000,000.00 in punitive damages. Plaintiff, on the other hand, contends that defendant's counterclaim is premature and fails to state a cause of action in that it is in

the nature of a claim for malicious prosecution or abuse of process, and should be dismissed. We agree with the latter contention.

Defendant's counterclaim is in the nature of an action in tort for malicious prosecution which under Ohio law arises from the institution of proceedings against another with malice and without probable cause. *See: Malicious Prosecution,* 35 O.Jur.2d § 5–35. But whether such action can be maintained depends upon establishing that the original proceeding which gave rise to the claim terminated in favor of the party bringing the action for malicious prosecution. Otherwise, the counterclaim is premature and warrants dismissal. *Sorin v. Board of Ed., Etc.,* 464 F.Supp. 50 (N.D., Ohio, 1978); *Goodyear Tire and Rubber Co. v. Marbon Corp.* 32 F.Supp. 279 (D.Del., 1940).

Defendant's counterclaim is premature and will be dismissed.

SO ORDERED.